# SUPREME COURT OF TEXAS.

## GAVESTON, 1856.

---

R. E. WILLIAMS, ADM'R, v. THOMAS AND HALL TALBOT.

Bond, dated March 2nd, 1839, for title to one quarter of a league out a certain headright not then patented; title to be made within two years; patent issued June 13th, 1854; suit commenced Nov. 24th, 1854, for specific performance of the bond: Held, that the suit was not barred by limitation or laches of the plaintiffs, as the defendant was not in condition to make title until after the issue of the patent.

Appeal from De Witt. This was a proceeding commenced in the County Court on the 24th day of November, 1854, under Article 1162 of Hartley's Digest, against the appellant as administrator of John York, for a specific performance of the following contract:

REPUBLIC OF TEXAS, } Know all men by these presents that I, John York, a resident citizen of this County and Republic, am held and firmly bound unto Thomas Talbot and Hall Talbot jointly or severally, in the penal sum of twenty-two hundred dollars, well and truly to be paid to them or assigns. Condition:—Whereas I have this day received from Thomas and Hall Talbot eleven

hundered dollars to me in hand paid to my entire satisfaction and demand, in full payment for one-fourth of a league undivided, and said fourth is to be the second choice out of said league ; the land to be taken out of the league of land granted to James Foster. a citizen of this county, and the said land situated between the waters of the Sandies and Coletto, which I guarantee shall be free and unincumbered, and as such I bind and obligate myself to the said Thomas and Hall Talbot, or their assigns . or their legal representatives, and that the title shall be made within two years to the said Talbot or either of them, or their legal represenatives, which shall be free and unincumbered ; as such I sell it to them or him. Now should I well and truly perform on my part within the true intent and meaning of this instrument, then this bond to be void, otherwise to remain in full force and effect, for all principal and interest, costs and damages, which I sign and deliver in presence of witnesses, March 2nd, 1839. (Signed and witnessed.)

The County Court dismissed the petition, and the plaintiff obtained a writ of certiorari.

The petition for a writ of certiorari alleged, that the said certificate was located in the lifetime of said York, but was not patented, because of a conflict with another location ; that suit was brought in the District Court of Gonzales County to adjudicate the right to the location under said certificate, and that the same was finally decided adversely to said York.— Your petitioners further show that after the death of said York they were assured that a title to said land would be made to them as soon as said controversy should be settled as to the right to the location. Your petitioners further show that since said adverse decision as aforesaid, to wit : sometime in the year 1853, or in the first of the year 1854, said certificate was again located by the legal representative of the estate of said York, and a survey made and the field notes returned to the General Land Office. Your petitioners further show that

Williams v. Talbot.

a patent issued on said survey and certificate, dated June 13th, 1854, calling for land on the west side of the Guadalupe river, on the waters of the Sandies and the Coletto, and which is more fully described by metes and bounds in said patent ready to be shown to the Court, &c.

General demurrer ; plea of limitation, and laches of plaintiff ; jury waived ; judgment for the plaintiff ; no statement of facts.

*R. E. Williams*, for self, referred to De Witt v. Miller, 9 Tex. R. 246 ; Angell on Lim. 46, 113 ; 2 Story, Eq. Sec. 1520 ; Ellison v. Moffat, 1 Johns. Ch. R. 47 ; Ardens v. Ardens, Id. 312 ; Moore v. White, 6 Id. 369 ; De Cordova v. Smith, 9 Tex. R. 145 ; Mead v. Randolph, 8 Id. 200.

WHEELER, J. There was, it is true, a great lapse of time after the making of the contract, and its maturity according to its terms, before the bringing of this suit to enforce its performance. The petition, however, sufficiently explains the delay ; and, as there is no statement of facts, we must presume, in favor of the judgment, its averments were supported by evidence.

The bond is, substantially, a contract for the conveyance of land. In such cases " Courts of Equity look to the substance " of the transaction, and the primary object of the parties ; " and where that requires a specific performance, they will treat " the penalty as a mere security for its due performance and " attainment." (2 Story Eq. Sec. 715.) Such a contract cannot be discharged at the pleasure of the obligor, by the payment of the penalty, or damages ; but entitles the obligee to demand a conveyance of the land at all events. (Hemming v. Zimmerschitte, 4 Tex. R. 159.)

The contract was substantially a sale of land. It bound the defendant's intestate to convey, and entitled the plaintiffs to

demand a conveyance, of a fourth of a league of land out of the headright of James Foster. The conveyance was to be made within two years : and at the time of making the contract, the obligor doubtless supposed he would be able to obtain a patent and make a title to his vendees within that period. But in this he was mistaken. His right to his location was contested; and after litigating the right, he was finally compelled to abandon his first, and make a second location. He did not finally obtain his patent until 1854. Until the patent was obtained, he could not make title; and when it had been obtained, the plaintiffs lost no time in prosecuting their claim. They brought suit to obtain a title in the same year. The plaintiffs might have brought their suit for damages for the breach of the contract, after the expiration of the time limited for performance. But they were not obliged to do so. They had the right to treat the contract, as in substance it was, a contract to convey land ; and to demand a conveyance at all events. The inability of the obligor to make a title at the time appointed, did not deprive them of their right. It did not have the effect to oblige them to resort to a suit upon the bond for damages. As it was evident the obligor would ultimately be able to make a title, they might well rely upon his assurances that he would do so, as soon as practicable : and when it became practicable, undoubtedly it was their right to demand and receive a conveyance. If there seems to have been great delay on the part of the plaintiffs, it was a delay which was unavoidable on their part, without a relinquishment of their rights under the contract. *Laches* cannot be imputed to them. They brought heir suit for specific performance, as soon as the defendant was in a condition to perform, or as the bringing of the suit could have been of any avail to them.

The Court therefore did not err in adjudging that the suit was not barred by limitation, or the lapse of time ; and the judgment is affirmed.

Judgment affirmed.