## PALMER *v.* GOULD *et al.*

*(Supreme Court, General Term, Fifth Department. March, 1892.)*

1. SPECIFIC PERFORMANCE—EVIDENCE—PRINCIPAL AND AGENT.
    In an action for the specific performance of a contract to sell land, it appeared that the land was owned by a brother and sister; that the sister signed the contract for herself, and also as the alleged attorney in fact of her brother, who lived in California; that the brother had instructed the sister to negotiate a sale of the property, but that subsequently, and about three weeks before the contract was signed, he wrote to her that he intended to keep his share of the property, and advised her not to dispose of her interest. On the day the contract was signed a power of attorney was drawn up and sent to the brother to sign, but it did not mention contract nor the proposed conveyance to plaintiff. There was no evidence that the

brother was informed about the contract, except the testimony of the sister, on cross-examination, that she believed she sent him her copy of the contract, which was signed by plaintiff alone. *Held*, that the evidence would not support a judgment against the brother for specific performance, since it did not appear that he authorized his sister to sign the contract for him, or ratified her act.

2. SAME—INTENT OF PARTIES—DAMAGES.

Though a contract for the sale of real estate contains a provision for the payment of liquidated damages in case of nonperformance, equity will decree specific performance, where it is apparent that it was the primary intent of the parties to have the contract performed.

Appeal from special term, Monroe county.

Action by Charles W. Palmer against Augusta B. Gould, Augustus C. Bowen, and Jennie M. Bowen for the specific performance of a contract to convey land. The complaint was dismissed as to Jennie M. Bowen. Judgment for plaintiff. Defendants appeal. Affirmed as to Augusta B. Gould, and reversed as to Augustus C. Bowen.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Thomas Raines*, for appellants. *David Hays*, for respondent.

DWIGHT, P. J. The action was for the specific performance of a contract to convey land, which was signed, on the part of the vendors, by the defendant Augusta B. Gould, for herself, and also in the names of the other two defendants, Augustus C. Bowen and Jennie M. Bowen, as their attorney in fact. The land was owned by Mrs. Gould and Augustus C. Bowen, who were brother and sister, in undivided shares. Jennie M. Bowen was the wife of Augustus C., and had no interest in the land except her inchoate right of dower. The complaint was dismissed as to her on findings that Mrs. Gould had no authority to sign the contract for her, and that she had never ratified the act. The land consisted of a tract of nearly 50 acres in the city of Rochester, and the price agreed to be paid was the sum of $50,000. Mrs. Gould lived in Rochester, where the contract was signed, while her brother had for many years lived in California, and was there at the time of the negotiation and the signing of the contract. The learned court, at special term, decreed the specific performance of the contract as against him on findings both of authority in his sister, at the time, to sign for him, and of subsequent ratification of her act by him. We have found ourselves unable to reach the conclusion that either of these findings is fully sustained by the evidence. There is evidence of declarations of Mrs. Gould, made at different times, mostly previous to any negotiations for the sale to the plaintiff, to the effect that she had received authority by letter from her brother to sell his interest in the property with her own; but all this evidence, being objected to, was received only as against Mrs. Gould, and was, of course, inadmissible as against her brother. The finding of authority existing at the date of the contract, February 25, 1890, must rest upon expressions said to have been contained in a letter from Mr. Bowen to his sister written in October, 1889, and a letter inclosed therein addressed to one Beach, a real-estate agent, who it appears had written to Bowen in regard to a proposed purchase of the land. The letter to Mrs. Gould is not in evidence, and was not produced on notice to the defendants, Mrs. Gould testifying that she had not preserved it; but Beach testifies that she read it to him while he looked over her shoulder, and he undertakes to quote a passage from it, as follows: "You shall go on and negotiate the sale of the property, with a sufficient security, bonus paid down, and, when this is done under contract, I will come on east and join you in a conveyance. I think you ought to get $1,000 an acre, but you have my idea and instruction as to what to do. As you are on the ground, you know best, and do the best you can." Beach testified that he was thereupon employed by Mrs. Gould to effect a sale of the land; that he did find a purchaser; and that he then had an action pending against Mrs. Gould for his commissions as her agent in the transaction. The letter to Beach is in evi-

dence, and it contains these expressions: "In the first place I have delegated to my sister Mrs. James Gould the most of the preliminary arrangements of such sales as might be arrived at, she being joint in interest with me. She, being on the spot, can negotiate a sale, and appeal to me for my indorsement of the same." And further: "I have given my sister some of my leading ideas in connection with a sale; therefore I shall refrain from a series of conditions to you, as they might be in conflict with her views of sales. I further stated to her, in the event of sale and forfeit money being put up, that I would come there and attend to the transfers with her." Mrs. Gould read the letter to Beach inclosed to her, as her brother no doubt intended she should; and it may perhaps be questioned whether, in effect, the two communications, taken together, were intended to do more than to authorize her to negotiate with Beach for the sale proposed by him, and, even in respect to that, to require her to report the proposition to him for his acceptance before he should bind himself to convey. But assuming that there was, in October, a general authority conferred upon Mrs. Gould to sell her brother's interest in the valuable property in question, there is a subsequent letter in evidence which must be regarded as completely countermanding any such authority previously given. It was written by Bowen to Mrs. Gould under date of January 17, 1890, and, as the postmarks show, was mailed at his home in California, January 20, and received at Rochester, February 2, 1890. In it he informs her that he had just had a conversation with a relative who had lately been at the east, and he writes: "While in Rochester, Mr. Gould made investigations of the relative value of real estate, and says that we should be foolish to take any price which we might have thought was good when I was there six years ago. Therefore, having the right to change our own valuations upon our property, will say to you that I, for one, shall keep what I have, and advise you to do the same, as the land will keep. until such a time as I can be with you." And further, referring to something his sister had written of her being annoyed by Beach's persistence, he writes: "Do not be annoyed by his plans, but just dismiss him, and rest satisfied to let things remain as they have been." This was the last communication made to Mrs. Gould by her brother before she signed the contract in question. It would seem that this evidence must have been overlooked in reaching the conclusion that, at the time of entering into the contract with the plaintiff, Mrs. Gould had her brother's authority to sign it in his name.

The objection by the plaintiff that there is no allegation nor finding of a revocation of the authority once given by Bowen to Mrs. Gould is not well taken. Issue was joined by the defendant Bowen, on the question of authority, by his denial that at the time of the execution of the contract Mrs. Gould had authority to sign it for him. That denial was supported by the uncontradicted evidence furnished by the letter of January 17, 1890, and the defendant excepted both to an affirmative finding of the existence of such authority at the time of the execution of the contract and to the refusal of the court to find that it did not then exist. The conclusion of law of the court at special term, to the effect that the defendant Bowen had ratified the act of Mrs. Gould in signing the contract in his name, is founded upon a finding of fact "that on February 26, 1890, the defendant Gould sent to the defendant Augustus C. Bowen, at California, a copy of said contract, with full information concerning her execution of the same in his name as his agent; and on the 6th day of March, 1890, the defendant Bowen received the said communication from the defendant Gould, and then had full knowledge of the contents of the said contract, and of its execution by the defendant Gould, in his name, as his agent; and that with such knowledge said defendant took no steps to notify plaintiff of his dissent from the action of the defendant Gould in his behalf, within a reasonable time thereafter." A very searching examination of the

entire record in this case fails to disclose evidence which, as we think, is adequate to support this finding.    Mr. Hiram L. Barker, of Rochester, was the attorney who, as the court finds, was employed and relied upon by Mrs. Gould to advise and assist her in the negotiation and transaction here involved. He, too, has a claim against Mrs. Gould of $1,000 for his commissions of 2 per centum on the entire purchase price named in the contract, and he was a witness on the trial for the plaintiff.    He testifies that he caused to be made only one copy of the contract; that the original, signed by the plaintiff, and by Mrs. Gould for all of the defendants, he delivered to Palmer, the plaintiff, and the typewritten copy, signed by Palmer alone, he gave to Mrs. Gould to keep. On the same day that the contract was drawn and signed he drew a power of attorney, intended to be executed by Augustus C. Bowen and Jennie M. Bowen, to which was attached an acknowledgment in blank, in due form for execution in the state of California, empowering Mrs. Gould "to execute, acknowledge, and deliver a deed or deeds of all real estate owned by said Augustus C. Bowen (whether individually or in common with any other person) situate in the city of Rochester;  *   *   *  also to discharge mortgages, and to release from the lien of any mortgage any part of the premises therein described," etc.    This power of attorney, which makes no mention of the contract already executed, nor of a proposed conveyance to the plaintiff, with a blank certificate for the authentication of its acknowledgment by the proper officer in California, he delivered to Mrs. Gould, with instructions to forward it to her brother.    Though called four times during the trial, to meet the exigencies of the plaintiff's case, he nowhere testified that he ever directed or suggested to her that she send her brother a copy of the contract, nor even that she inform him that such or any contract had already been signed, nor that he furnished her with any copy of the contract to be sent to him.    Mrs. Gould testifies that she sent the power of attorney to her brother the next day, but makes no mention in that connection of having sent him a copy of the contract, or that she informed him that any contract had been made.    On her cross-examination,—apparently in answer to a direct question by counsel for the plaintiff,—she says:  "Mr. Barker also gave me a copy of the contract to send to my brother, I believe.  I believe I sent that copy to my brother with the power of attorney."    This is the first and only mention in the case of a copy of the contract being sent to the defendant Bowen, or that one was made for that purpose.    The evidence seems to us far too indefinite and uncertain to serve as the foundation of a finding that the defendant Bowen, with full knowledge of the unauthorized act of his sister, ratified that act by his silence.    Mr. Bowen himself testifies that he received the blank power of attorney, but makes no mention of the fact, nor is he asked the question, either on direct or cross examination, whether he received a copy of the contract with it.

But, even if it were to be found upon this evidence that the copy of the contract furnished by the attorney to Mrs. Gould, to keep, as he testifies, was inclosed by her with the power of attorney to Mr. Bowen, and was received by him, it was a copy which bore the signature of Palmer alone, and did not inform the defendant that his name and that of his wife had been attached to the original.    It is true that, in the heading of the document, it is described as an agreement made and executed by Augusta B. Gould, and Augustus C. Bowen and Jennie M. Bowen by said Augusta B. Gould, their attorney in fact, parties of the first part; but when the paper itself, by the absence of those signatures, indicates that it has not in fact been so executed, a person unfamiliar with the form and effect of legal documents, and not informed of the fact otherwise than by the paper itself, might well be excused, for supposing that the contract—in blank, so far as the parties of the first part were concerned—was only a proposed contract, sent to him for his approval and consent to its execution, and that the blank power of attorney

which accompanied it was intended to obtain his authorization for such execution. The evidence that Mr. Bowen was informed in any manner, or to any extent, that Mrs. Gould had violated his latest instructions, and assumed to bind him by an unauthorized use of his name, is quite insufficient, we think, to justify a decree for specific performance, as against him, of a contract which disposed of $50,000 worth of property.

The case against Mrs. Gould is without embarrassment from any question of authority; the contract was signed by her for herself, and in her own name. It was in terms several as well as joint, and the demand and tender on the part of the plaintiff covered a several performance on the part of Mrs. Gould by a conveyance of her undivided share. The chief contention in behalf of Mrs. Gould is based upon two proposed findings of fact, both of which were refused by the court. One of these was to the effect that the attorney Barker—although with the knowledge of the plaintiff employed and relied upon by Mrs. Gould to aid and advise her in the transaction—was in fact in the employ of the plaintiff, and was acting for him and in his interest in procuring the execution of the contract. The other proposed finding was to the effect that in was understood between Mrs. Gould and the attorney, thus acting for and in the interest of the plaintiff, that Mrs. Gould consented to execute the contract only upon the condition that its provisions should receive the consent and concurrence of her brother, and that the contract should be without force or effect until such consent and concurrence were obtained. It was upon these proposed findings that the conclusion was urged upon us, as upon the court below, to the effect that the contract was, as to her, unfair, harsh, and oppressive, and that its specific enforcement would be inequitable. A very careful consideration of the testimony in the case fails to satisfy us that the court was in error in refusing to make the findings requested, or that its actual findings in this respect were not supported by the evidence. The learned judge at special term had the advantage of personal observation of the parties and the witnesses testifying on these questions, and was better able than we are to determine where the truth lay, amid the numerous contradictions of their testimony. We cannot disturb the findings of fact in respect to the manner and the circumstances of the execution of the contract by Mrs. Gould in her own behalf.

The proposition that the provision for the payment of liquidated damages, contained in the contract, precludes the interposition of equity to decree specific performance, and that the plaintiff is remitted to his action at law to recover his damages thus stipulated, cannot be maintained. The cases, generally, cited in support of it, are those in which it is held that, in an action for the collection of damages, equity will relieve against a forfeiture or penalty, as such, but will enforce the payment of stipulated damages; whereas the unquestionable rule, as between specific enforcement and award of damages for nonperformance, is that where, from the covenant itself and the surrounding circumstances, it is apparent that the primary intent was to have the covenant performed, equity will enforce it. *Phœnix Ins. Co.* v. *Continental Ins. Co.*, 87 N. Y. 400, and the cases cited. · The disposition of the question does not at all depend upon any distinction between the terms "penalty" and "liquidated damages." Whichever term is used, the question is whether the provision is made as security for the performance of the contract or as a substitute for performance. If the latter, the party will be denied his remedy in equity, and confined to his recovery of damages; if the former, equity will decree specific performance notwithstanding such provision. *Match Co.* v. *Roeber*, 106 N. Y. 473, 13 N. E. Rep. 419; *Gray* v. *Crosby*, 18 Johns. 219. So in *Long* v. *Bowring*, 33 Beav. 585, damages were liquidated, but the master of the rolls said the real meaning of the clause was not to give the covenantor the option to perform or pay the dam-

ages, but to give to the covenantee the option to have the covenant specifically enforced, or, in lieu thereof, to accept the damages stipulated. Upon the findings of the trial court, we can have no doubt that a case was made for the enforcement of the specific performance of the several contract of the defendant Gould to convey her undivided share of the premises in question to the plaintiff. The findings in respect to the deed from Mrs. Gould to her brother are undoubtedly supported by the evidence, and the judgment setting aside that deed was properly directed. The views we have taken of the various questions in the case lead to the conclusion that the judgment as to the defendant Mrs. Gould should be affirmed, with costs; that as to the defendant Augustus O. Bowen it should be affirmed in respect only to setting aside the deed of Mrs. Gould to him, and in all other respects reversed, and a new trial granted as to him, with the costs of this appeal to abide the final award of costs. All concur.