## Moss & Raley v. D. T. Wren.

### No. 1879. Decided June 23, 1909.

**Vendor and Purchaser—Liquidated Damages—Specific Performance.**

An agent authorized to sell real property negotiated a contract for its purchase and sale, by which, however, it was agreed that $1000.00 deposited by the purchaser should be forfeited by him and accepted by the seller as liquidated damages, in case the purchaser failed to comply with the terms of the contract relating to the payment and securing of the purchase price. The purchaser declined to comply and forfeited the deposit. Held that the contract was not a sale; the vendor could enforce only the forfeiture of the deposit, not specific performance; and the agent was not entitled to the commissions he was to receive from the owner for making the sale. (P. 569.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Potter County.

*Hall & Fredericks,* for appellant.—The contract in the case at bar, disregarding for the moment the liquidated damage clause, is unquestionably a contract of sale and purchase and is capable of being specifically enforced.

The courts will not deny specific performance of a contract for the sale of land merely because it contains a liquidated damage clause. Lyman v. Gedney, 114 Ill., 388.

The contract is one of which the purchaser could have compelled specific performance. Johnson v. Trippe, 33 Fed., 530; Moses v. McClain, 82 Ala., 370; Estes v. Furlong, 59 Ill., 298; Rogers v. Saunders, 16 Maine, 92, 33 Am. Dec., 635; Corson v. Mulvany, 49 Pa., 88; 88 Am. Dec., 485; Miller v. Cameron, 45 N. J. Eq., 95, 1 L. R. A., 554; Codding v. Wamsley, 4 Thomp. & C. (N. Y.), 47.

On breach by the purchaser of the contract in the case at bar (in the absence of the liquidated damage clause) the seller would have an election of three remedies, one of which would be to treat the contract at an end and retain the payments made; what the seller might elect to do after breach of the contract he might agree to do at the time of entering into the contract.

The law favors the settlement in advance, by the parties to a contract, of damages that may accrue for a violation or breach thereof. Yetter v. Hudson, 57 Texas, 612.

We submit, therefore, that the contract is not one of option, but on the contrary is a valid and binding contract of purchase and sale upon which the courts would decree specific performance and in which the rights of the parties are fully agreed upon; and also that by the acceptance of the one thousand dollars deposited in part payment for the land, the seller, D. T. Wren, exercised his right of election, suggested above, and thus secured a full performance of the contract which he, himself, had seen fit to enter into with the purchaser furnished by Moss and Raley, the brokers..

Even though it be decided that the contract partakes of the nature of an option, yet, the broker having furnished his principal with a purchaser who was ready, willing and able to purchase the land of the principal at the price and upon the terms satisfactory to the prin-

cipal, the broker is not in any way responsible for the contract which his principal personally entered into with the purchaser furnished; and the principal, having a purchaser who was ready, willing and able to purchase, furnished by the broker, by electing to enter into the contract before us, conclusively admitted, so far as the broker is concerned, that the land and the one thousand dollars paid on the purchase price were worth as much to him as parting with the land itself for the entire purchase price. Leete v. Norton, 43 Conn., 219-226; Gilder v. Davis, 137 N. Y., 504, 20 L. R. A., 398; Shainwald v. Cady, 28 Pac., 101.

A broker who furnishes his principal with a purchaser who is ready, willing and able to purchase and with whom the principal actually contracts in writing is entitled to commission; and his right ought not to be affected by the fact that the principal saw fit to stipulate in the contract, in advance, for his damages in case of a breach thereof. Greene v. Hollingshead, 40 Ill. App., 195-197; Lang v. Hand, 57 Ill. App., 134.

*Sam J. Hunter,* for appellee.—It is plainly stipulated that if Clark fails to comply with his part of this contract, then the trustee shall pay over to Wren the $1,000 as a forfeit, and Wren agrees that he will accept the same in full of all injury and damage which the seller may suffer by reason of the purchaser's nonperformance of his obligation. There is not in any of the cases cited by this court, or by counsel, or by the Honorable Court of Civil Appeals in the certified question, such a stipulation as this, and I contend that it means something; that the clear meaning and intention of Mr. Clark was to protect himself against his obligation to perform this contract by specifying that the trustee should pay Mr. Wren $1,000 then placed in his hands and that Mr. Wren should accept the $1,000 in full satisfaction and discharge of Clark's obligation to buy the land, and I submit that it is the clear meaning of the contract and unless these words are given force and meaning in the contract a just and fair construction can not be made. The intention of the parties is clear and evident. Smith v. Washington Gas Co., 154 U. S., 559; Amanda Gold Min. Co. v. People's Min. Co., 28 Col., 251; Dukes v. Bash, 29 Ind. App., 103; 26 Am. & Eng. Enc. Law (2d ed.), 88; Hoskins v. Dougherty, 29 Texas Civ. App., 318; 1 Pomeroy's Eq. Juris., sec. 447.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals of the Second District, and in order to save copying a long statement we undertake to state the point in the case.

The appellants were employed as real estate brokers to make sale of certain land belonging to appellee, and having effected, as they claimed, a sale to one Clark, brought suit for their commission. In the contract for the conveyance of the land, after specifying the price, consideration, etc., the following stipulation was inserted: "And it is further mutually agreed in case purchaser fails to comply with the terms hereof relating to the payment and securing of the pur-

chase price as above mentioned and by the time herein designated, purchaser shall forfeit the amount paid hereon to seller and the same shall be paid to seller by said trustees and accepted by said seller as and for liquidated damages for such injury and damage as the seller may suffer by reason of the nonperformance of this contract on the part of the purchaser."

The question certified for our determination is, whether upon this contract a sale was effected so as to entitle the appellants to their commission.

We have numerous decisions holding that, although there is a stipulation in the contract of this character, payment of a fixed sum of money as liquidated damages does not affect the contract for sale of the land but that the seller can enforce specific performance. (Hemming v. Zimmerschitte, 4 Texas, 159; Williams v. Talbot, 16 Texas, 1; Vardeman v. Lawson, 17 Texas, 11; Bullion v. Campbell, 27 Texas, 653; Gregory v. Hughes, 20 Texas, 345.)

It seems to us that these decisions are decisive of the case. If the vendor of the land can enforce a specific performance of the contract to pay for it, then the broker has effected a sale, valid in law, and is entitled to his compensation. We have also examined the authorities cited in the certificate upon the same proposition and find it is amply supported by them. (Lyman v. Gedney, 29 N. E., 282; Hull v. Sturdivant, 46 Me., 34; Hooker v. Pynchon, 74 Mass. (8 Gray), 550; Ewins v. Gordon, 49 N. H., 444; O'Connor v. Tyrrell, (N. J. Eq.), 30 Atl., 1061; Palmer v. Bowen, 34 N. E., 291, affirming s. c. in 18 N. Y. Supp., 638; Kettering v. Eastlack, 107 N. W., 177.)

We therefore answer the question submitted in the affirmative and say that the contract is such that appellee is entitled to have it specifically enforced, and that therefore the appellants are entitled to their commission for making the sale.

Opinion filed December 2, 1908.

## ON REHEARING.

Mr. Chief Justice Gaines delivered the opinion of the court.

Upon consideration of the motion for a rehearing in this case we are of opinion that we erred in disposing originally of the question.

Referring to the stipulation quoted at the end of the statement of the case it is to be noted that it provides that the $1,000 put up as a forfeit "shall be paid to the seller by said trustees and accepted by said seller as liquidated damages for such injury and damage as the seller may suffer by reason of the nonperformance of this contract on part of the purchaser." Now, it occurs to us that if nothing had been said as to the acceptance of the $1,000 by the seller, our original opinion would have been correct. But if the seller is bound to accept the sum for such damages as may be suffered by reason of the nonperformance of the contract on part of the purchaser, can he sue the proposed purchaser for specific performance of the contract? The contract evidently was that the proposed purchaser should have until a future day to pay the price and accept a conveyance, yet should he

decline for any reason to pay the price and to accept the land, he may pay the liquidated damages and be absolved from further suit.

Moss & Raley entered into a contract with Clark to sell him certain lands and stipulated that in case he failed to buy, he should forfeit $1,000 which had been put up to enforce the bargain. He chose to forfeit the $1,000 which absolved him from further obligation.

Before Moss & Raley were entitled to their commission they should have procured a purchaser who was willing to enter into a contract to purchase the land absolutely.

For this reason we answer the question in the negative.

Opinion filed June 23, 1909.