FUERSTENECK v. CLARK et al.    (No. 7390.)

(Court of Civil Appeals of Texas. Galveston. April 19, 1917. Rehearing Denied May 17, 1917.)

1. VENDOR AND PURCHASER ☞17—CONTRACT TO PURCHASE—ACCEPTANCE.

Where an offer to purchase land embodied in an earnest receipt was unqualified, except that it was subject to approval of the owner, the tender of performance by the owner was an acceptance and completion of the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 21.]

2. VENDOR AND PURCHASER ☞143—FURNISHING ABSTRACT—WAIVER.

A written request by purchaser, under an earnest money contract, that the "deal be delayed for our convenience for 30 days," amounted to a waiver of an alleged failure to furnish an abstract and the admission of readiness of the vendor to then perform the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 267–270, 311.]

3. VENDOR AND PURCHASER ☞140—PERFECTING TITLE.

An earnest receipt requirement as to title was met and substantially conformed to by examination of a title by a title guaranty company upon which it found the title good and agreed to issue a guaranty certificate on the title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 262–264.]

4. SPECIFIC PERFORMANCE ☞32(3)—CONTRACTS—MUTUALITY.

Although in an earnest money contract to purchase land there are no specific terms binding the purchaser to take the land, that will be implied.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 92–98.]

5. SPECIFIC PERFORMANCE ☞4—CONTRACTS—MUTUALITY.

In an earnest money contract to purchase land, a provision for the forfeiture of the earnest money in case the purchaser fails to comply does not furnish the full measure of the vendor's damages in that contingency, but the vendor may still enforce specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 4.]

6. FRAUDS, STATUTE OF ☞139(5)—ACCEPTANCE OF CONTRACT.

Since one may accept the obligations of an otherwise binding contract by acts as well as deed, the statute of frauds did not stand in the way of the enforcement by specific performance of an earnest money contract for the purchase of land dependent on the owner's acceptance, where the owner executed and tendered a deed, since this was both an act and such a writing as proved the contract, imposed a real obligation upon the owner, and constituted a complete acceptance by the owner of the agreement of the purchasers to buy.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 340.]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Suit by Matilda Von Entress Fuersteneck against I. N. Clark and another. From judgment for defendants, plaintiff appeals. Reversed and remanded, with instructions.

Stewarts, of Galveston, for appellant. W. E. Price, of Galveston, for appellees.

GRAVES, J. Appellant brought this suit, alleging that she was the owner and seller therein meant, to compel appellee, the alleged purchaser, to specifically perform the following contract:

"Earnest Receipt.

"$500.00.      Galveston, Tex., June 18, 1915.

"There has this day been deposited with V. E. Austin by the purchaser hereunder the sum of five hundred ($500.00) dollars as earnest money to bind sale to such purchasers of lot No. nine (9) in block No. six hundred and eighty-one (681) and all the improvements thereon situate, * * * in the city and county of Galveston, state of Texas, at a total price of nine (9) thousand and no/100 dollars of which amount, upon delivery of deed, three (3) thousand, no/100 dollars is to be paid in cash, less the sum above recited earnest money, which is to be allowed and credited as part of said cash consideration; balance payable on or before one (1), two (2) and three (3) years after day of deed, bearing interest at the rate of seven (7) per cent. per annum.

"This earnest contract is subject to approval of owner.

"Abstract of title to said property to be furnished by seller up to and including this day.

"General warranty deed and other documents necessary to make title good at expense of seller. All taxes due up to and including this day to be paid by seller. All taxes after this day to be paid by purchaser. Notes, deed of trust and title guaranty to be paid by buyer. Said title being good and marketable, the purchaser within

—— days from date of delivery of abstract showing good title shall comply with the hereinbefore mentioned terms of sale. If buyer fails to comply with the terms herein, this earnest money to be forfeited, one-half to seller and one-half to agent. It is understood and agreed in case of defect of title which cannot be cured within a reasonable time this earnest money to be refunded to purchasers.

"This earnest money is evidenced by a check payable to V. E. Austin who will hold and dispose of same according to the terms of this contract of sale.

"V. Peterson,
"Agent for Seller.
"V. E. Austin,
"Agent for Seller.
"Clark & Hennessy Prod. Co.,
"By I. N. Clark, Purchaser.
"W. A. Hennessy."

Appellant alleged that V. Peterson and V. E. Austin were her agents in making the contract, her readiness and ability to perform it tendered full performance upon her part, and charged the failure and refusal of appellees to perform the same.

After plea in abatement and special exceptions setting up the alleged incapacity of appellant to contract, because of being an alien, etc., all of which the court overruled, appellees answered by general denial, charged that the contract did not comply with the statute of frauds (Revised Statutes, art. 3965), in that appellant's name did not appear therein, nor had she accepted same in writing, and further that she failed to furnish them an abstract of title within a reasonable time, showing good and marketable title, and that she had not tendered the rents accruing from the time the sale was to be effective till the trial into court in abatement of the purchase price.

On trial before a jury, at the conclusion of appellant's evidence, the court, over her objection, upon appellee's motion peremptorily instructed a verdict for appellees, which was accordingly rendered, and judgment thereon entered in their favor and against appellant denying her the enforcement of said contract. From that judgment her appeal is now properly before this court.

Upon the execution of this earnest receipt a deed was prepared in strict conformity with the terms thereof and forwarded to Mrs. Fuersteneck, owner of the property in controversy. On August 25, 1915, the following letter was written to Mr. Austin, agent for Mrs. Fuersteneck:

"Galveston, Tex., Aug. 25, 1915.

"Mr. V. E. Austin, City—Dear Sir: Reference to the earnest money paid on Strand property, will state that if deeds not returned within next 15 days properly signed we will have to ask that you kindly refund us our earnest money of $500.00, as we think ample time has been had for closing this deal.

"Thanking you, we are,
"Yours truly,　　　Clark & Hennessy, ·
"By I. N. Clark."

"8-30-15

"This notice is waived, and we ask that this deal be delayed for our convenience for 30 days.
"Clark & Hennessy P. Co.,
"By I. N. Clark."

After the receipt of the foregoing letter, dated August 25, 1915, Mr. Austin received back, properly executed, the deed sent to Mrs. Fuersteneck, and tendered it, together with tax receipts, deed of trust, notes, and offer of title guaranty to Clark & Hennessy, and it was at the time of this tender that the indorsement dated August 30, 1915, was made upon the foregoing letter.

[1] We think the contract was completed by the tender of performance by Mrs. Fuersteneck. The offer to purchase was unqualified, except that it was subject to approval of the owner. The acceptance by the owner, Mrs. Fuersteneck, removed the only contingency provided for in the contract which would excuse Clark & Hennessy from compliance therewith; provided she further met its requirements as to an abstract and as to title, and we conclude that she did.

The evidence is undisputed that there was never any objection made, either because of any failure to furnish an abstract or on account of any alleged defects in the title tendered. Indeed, the only objection made at any time to closing the deal being that of appellee Clark, in reply to appellant's agent's statement that the deed had come and she was ready to close, when he said: "Well, we are not; you have had so much time we have changed our minds." No time within which abstract of title was to be furnished was fixed by the contract, and the undisputed evidence further shows that no abstract was ever requested for delivery to the purchasers, but that the Stewart Title Guaranty Company, who were to guarantee the title, were requested to examine the title; that they did so, using an abstract prepared and turned over to them for that purpose, found the title good under a written opinion thereon by its attorney, made a written report thereon, which was delivered to the agent making the sale; that this report was exhibited to appellee Clark, together with the company's agreement to issue a guaranty certificate on the title; and that he made no objection thereto. This abstract and agreement to guarantee the title to the purchaser was also tendered with the deed and other necessary incidents to performance upon the seller's part upon the trial.

[2, 3] Even if their indorsement by Clark & Hennessy on August 30, 1915, upon their prior letter of August 25, 1915, made, as it was, after appellant through her agent had tendered them her deed and all other necessary acts upon her part looking toward full performance of the contract of sale, including an offer of guaranty of the title, did not amount to a waiver of any alleged failure to furnish an abstract, and an admission of readiness to then perform the contract upon her part, which we are inclined to think it did, then the request of the Title Guaranty Company for examination of the title, and the above-stated consequent procedure taken thereon, met and substantially conformed to

the agreement in the earnest receipt as to title.

We, accordingly, conclude that appellant was entitled to specific performance, and that the trial court erred in peremptorily instructing a verdict for appellees.

[4, 5] Although the contract here fails in specific terms to bind appellees to take the land, that will be implied. Griffin v. Bradford, 138 S. W. 1072. Nor did the provision for the forfeiture and division of the $500 earnest money, in case the buyer failed to comply with its terms, furnish the full measure of appellant's damage in that contingency, but she was still entitled to enforce specific performance. Heath v. Huffhines, 152 S. W. 176; Hemming v. Zimmerschitte, 4 Tex. 159; Williams v. Talbot, 16 Tex. 1; Vardeman v. Lawson, 17 Tex. 11; Bullion v. Campbell, 27 Tex. 653.

[6] We do not think the statute of frauds stood in the way of the enforcement of this contract; one may accept the obligations of an otherwise binding contract by acts as well as deed, and the execution and tender of the deed in the case at bar was both such an act and such a writing as approved the contract, imposed a real obligation upon appellant, and constituted a complete acceptance by her of the agreement of appellees to buy her property. Lester v. Hutson, 167 S. W. 327; Daugherty v. Leewright, 174 S. W. 844; Black v. Hanz, 146 S. W. 309, 311; Tynan v. Dullnig, 25 S. W. 465; Johnston v. Trippe (C. C.) 33 Fed. 530; Bayne v. Wiggins, 139 U. S. 210, 11 Sup. Ct. 521, 35 L. Ed. 144.

The judgment will therefore be reversed, with instructions to the trial court to hear evidence and determine the rental value of the property and the amount of rents received by plaintiff since September 30, 1915, and to render judgment in favor of plaintiff in accordance with the prayer of her petition, and the terms of the contract of sale, giving the defendants credit for the rents that may have been received by plaintiff since said date, or should have been received by proper diligence, and if the property has not been rented but has been used by plaintiff since said date, or could have been rented by plaintiff by the exercise of ordinary diligence, to credit defendants with the reasonable value of such rents.

Reversed and remanded, with instructions.