DODGE et al. v. LACEY. (No. 9137.)

(Court of Civil Appeals of Texas. Ft. Worth. June 28, 1919. On Motion for Rehearing, Oct. 25, 1919.)

1. BROKERS ⟨⟩49(2) — NO COMMISSION FOR PROCUREMENT OF OPTION TRANSACTION.

A mere option to buy was not a contract of purchase, procurement of which of itself entitled the broker to his commission, even though the vendor failed to enforce it.

2. EXECUTORS AND ADMINISTRATORS ⟨⟩221(4) —EVIDENCE INSUFFICIENT TO SHOW EMPLOYMENT OF BROKER BY COEXECUTORS.

Evidence *held* insufficient to support finding that the estate of decedent was bound by the contract of only one of three executors and trustees employing plaintiff broker to sell the land on commission.

3. PRINCIPAL AND AGENT ⟨⟩23(2)—CIRCUMSTANTIAL EVIDENCE OF RELATION.

Proof of agency may be made by circumstantial evidence.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

## On Motion for Rehearing.

**4. TENANCY IN COMMON ⬦⟹43—ONE OF JOINT TENANTS CANNOT SELL WHOLE TITLE.**

One of two joint tenants cannot make a valid contract of sale of the entire title to the joint property without the consent of the other.

**5. TRUSTS ⬦⟹239—NO SALE BY SINGLE TRUSTEE.**

One of several trustees in whom confidence has been reposed jointly, with no power given him, either expressly or by implication, to act singly, cannot sell the entire title to the trust property without the consent of the others.

Appeal from District Court, Howard County; W. W. Beall, Judge.

Suit by O. T. Lacey against N. P. Dodge, Jr., and others. From judgment for plaintiff, defendant appeals. Reversed, and cause remanded.

L. W. Sandusky, of Colorado, Tex., for appellants.

Morrison & Morrison, of Big Springs, for appellee.

DUNKLIN, J. N. P. Dodge, Jr., F. S. Pusey, and Grenville D. Montgomery, who were named as executors and trustees in the last will and testament of G. M. Dodge, deceased, have appealed from a judgment rendered against them as such, in favor of O. T. Lacey for a broker's commission, which Lacey alleged he, as the duly employed agent of defendants, had earned by finding a purchaser for 3,840 acres of land belonging to the estate of said G. M. Dodge, deceased, at the price and upon the terms authorized by the defendants.

The case was tried before the court without a jury, and findings of fact and conclusions of law filed by the trial judge appear in the record.

The will of G. M. Dodge, deceased, was introduced in evidence, and contained the following provisions:

"I give, devise and bequeath the remainder of my residuary estate, both real and personal, of which I may be in any way entitled to at the time of my death, to my nephew, Nathan P. Dodge, Jr., and my son-in-law, Frank S. Pusey, as joint tenants and not as tenants in common and to their successors and assigns to their own use for the purposes herein expressed, but in trust, nevertheless, to collect, receive, convert and get in my residuary personal estate and at their discretion to sell and convert my residuary, real estate, and out of the proceeds to pay all my just debts and my funeral and testamentary expenses and the many legacies hereinbefore given and to invest and reinvest the balance of said proceeds in income-bearing real estate or in bonds or in mortgages or in some other equally safe paying securities and generally manage my residuary estate and to do all things necessary and proper for the main-

tenance and preservation thereof and out of the net income thereof to apply, first. * * * "

Then follows specific directions for the payment of certain legacies. The will also contained the following:

"I hereby revoke, cancel and annul any and all former wills and codicils by me at any time made and I nominate and appoint my nephew, Nathan P. Dodge, Jr., and my son-in-law, Frank S. Pusey, to be the executors of this, my will, and trustees as herein stated, and I hereby request and direct in the event that either of the above named executors or trustees shall cease to be executors or trustees, then my grandson, Grenville D. Montgomery, is to be executor and trustee."

The proof showed that N. P. Dodge, Jr., acting as executor and trustee under the will, employed plaintiff to negotiate a sale of the land. Plaintiff lived in Big Springs, Tex., and Dodge lived in Council Bluffs, Iowa, and practically all the communications between them were by letters and telegrams, which were introduced in evidence. Following correspondence preliminary thereto, Dodge in a letter authorized a sale for $10.50 per acre, the consideration to be partly in cash. Acting upon that letter, plaintiff procured a prospective purchaser in James Dorward, and he, as agent for the three executors and trustees and for the estate of G. M. Dodge, deceased, named as first party, entered into a written contract with Dorward, named as second party, who also signed the instrument, the terms of which purported to bind the three executors and trustees and also the estate, to sell the land to Dorward for the price and upon the terms named by N. P. Dodge, and Dorward bound himself to buy the land at that price and upon those terms, and at the time he executed the contract he placed $1,000 in the bank as a forfeit to insure performance of his contract. The contract contained this further stipulation, relative to the sum so deposited, in the event Dorward should breach his contract to buy the land:

"But upon his (second party's) failure to perform, after such tender of performance by first party, said sum will thereby be forfeited to and will become the funds and property of first party, absolutely and will be and constitute the damages and all the damages first party shall have sustained or may recover by reason of second party's default."

[1] In view of the stipulation just quoted, the contract of Dorward amounted to no more than an option to buy, and was not a contract of purchase which could be specifically enforced, and the procurement of which would of itself entitle the broker to his commission, even though the vendor should fail to enforce it. Moss & Raley v.

---

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847.

[2] But there was evidence sufficient to support the finding by the trial judge that Dorward was willing to waive the right given him by the clause in the contract quoted above, and was ready, willing, and able to buy the land for the price and upon the terms authorized. But appellant insists that the evidence was insufficient to support the further finding that the estate of G. M. Dodge, deceased, was bound by the contract of N. P. Dodge, Jr., as executor and trustee, employing plaintiff to sell the land and agreeing to pay a commission for such sale. And after a careful consideration of all the evidence bearing upon that issue we have reached the conclusion that the contention so made should be sustained.

The evidence shows that N. P. Dodge, Jr., alone conducted the entire negotiations for the sale, and, as noted already, all his negotiations were evidenced by telegrams and letters. All such communications were signed by him as executor and trustee of the estate of G. M. Dodge, deceased, as though he was sole executor and trustee having full power to bind the estate. Under the terms of the will, the contract of employment would have been binding upon the estate if it had been made with the consent of F. S. Pusey as the other executor and trustee also, but there was no evidence to show that he in any manner acted with N. P. Dodge, Jr., in the negotiations, or authorized him to act for Pusey, or that Pusey knew of such transactions on the part of Dodge and acquiesced in or in any manner ratified them. Appellee cites the fact that the letters written by N. P. Dodge, Jr., were upon letter heads, with the names of all three of the executors printed at the top, but that would, at best, amount to no more than a mere scintilla of evidence wholly insufficient of itself to sustain the finding of fact now under discussion. And the same observation applies to the circumstance that a letter written to plaintiff during the initial negotiations, declining the first offer of Dorward to buy the land for $9 per acre, was signed by both Dodge and Pusey. Indeed, the fact that after he signed that letter he failed to sign any further letter to plaintiff would tend to support the inference that he desired to act in conjunction with Dodge in selling the land, as the will made it his duty to do, and that he was in no manner a party to the further negotiations conducted by Dodge alone with plaintiff and his customer Dorward. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

[3] In reaching this conclusion, we are not unmindful of the familiar rule that proof of agency may be made by circumstantial evidence. Daugherty v. Wiles (Com. App.) 207 S. W. 900. But the circumstances in evidence in this suit are wholly insufficient to support the finding in question.

Accordingly, the judgment of the trial court is reversed, and the cause remanded.

## On Motion for Rehearing.

Article 3356, Vernon's Sayles' Texas Civil Statutes, reads as follows:

"Should there be more than one executor or administrator of the same estate at the same time, the acts of one of them as such executor or administrator shall be as valid as if all had acted jointly; and, in case of the death, resignation or removal of an executor or administrator, if there be a coexecutor or coadministrator of such estate, he shall proceed with the administration as if no such death, resignation or removal had occurred."

In the case of Armstrong v. O'Brien, 83 Tex. 639, 19 S. W. 269, it was held that by virtue of that statute certain letters written by one alone of two joint executors were admissible against both as joint executors of the estate. That was a suit against the two executors for commissions claimed by plaintiffs for negotiating the sale of land belonging to the estate. The opinion does not disclose the contents of the letters held to be admissible. It does not appear whether they were introduced to prove the alleged contract of both executors employing the plaintiff to sell the land, or relates merely to some issue incidental to that issue. It is significant that the opinion, after referring to the provisions of the statute above, added, "But this provision, however, does not apply to the conveyance of real estate, in which all who are acting must join. Art. 1937," which latter article is now No. 3357.

[4, 5] As shown in our original opinion, the estate of the decedent was devised to N. P. Dodge, Jr., and F. S. Pusey, "as joint tenants," in trust for the purposes stated in the will, and the power to sell the property was conferred upon them as joint tenants and trustees and not as executors. It is an elementary general rule that one of two joint tenants cannot make a valid contract of sale of the entire title to the joint property without the consent of the other. 23 Cyc. 494. And the same general rule applies to trustees in whom confidence has been reposed jointly, with no power given them, either expressly or by implication, to act singly. 1 Perry on Trusts, § 411. If the will be construed as authorizing the sale of the land by Dodge and Pusey in their offices as executors and not as joint tenants and trustees, and if N. P. Dodge, acting alone as executor, could make a valid contract of employment of Lacey as agent for the estate to sell the land, then Lacey, as such agent, could bind the estate by his contract of sale, and thus convey an equitable title to the land, contrary to the provisions of article 3357 of the

Statutes, requiring both executors to join in the conveyance. And it would be clearly contrary to the general rules of common law and equity, mentioned above with respect to the powers of joint tenants and joint trustees, for N. P. Dodge by such a course to dispose of the land in controversy without the consent and concurrence of his joint tenant and cotrustee, Pusey. In the absence of a clear showing to the contrary, we cannot believe that in disposing of the case of Armstrong v. O'Brien, supra, our Supreme Court intended to hold that one of two joint executors, acting alone, can confer upon his agent authority to bind the estate to sell land notwithstanding the fact that the statute referred to in the opinion expressly provides that both executors must join in such a conveyance.

The motion for rehearing is overruled.