## VERSCHOYLE v. THOMAS. (No. 2290.)

(Court of Civil Appeals of Texas. Amarillo. March 26, 1924. Rehearing Denied April 30, 1924.)

**1. Mines and minerals ☞74—Seller of oil lease held entitled to enforce performance or to take liquidated damages for nonperformance.**

Seller of oil lease, under contract providing for forfeiture of sums deposited by buyer as full liquidated damages for nonperformance by him had option of enforcing performance or accepting stipulated sum as liquidated damages.

**2. Mines and minerals ☞74—Oil lease purchaser going on premises and drilling well held bound by election to take lease.**

Where buyer of oil lease, under contract providing for forfeiture of payments as liquidated damages for nonperformance, went on premises and drilled well after accepting title and making payments, he was bound by his election to take lease, even if contract gave him option of forfeiting payments.

**3. Specific performance ☞114(1) — Petition held sufficient to authorize enforcement of contract to purchase oil lease.**

Petition alleging that abstract of title to oil lease was furnished purchaser, and title approved by him as required by contract, and praying for judgment for amount agreed to be paid, and for general relief, held sufficient to authorize specific performance, though it did not allege that plaintiff had good title nor pray for specific performance.

**4. Trial ☞68(1)—Permitting plaintiff to offer further testimony after resting held within court's discretion.**

Permitting plaintiff, after both sides had rested, following introduction of plaintiff's evidence, to withdraw announcement and offer further testimony held within court's discretion, which was not abused.

**5. Mines and minerals ☞74—Admission of assignment of lease, in action for purchase price, held not error.**

In suit for balance due on purchase price of oil lease, admission of assignment of lease, identified by escrow holder, without objection to form or sufficiency after reopening case, following plaintiff's withdrawal of announcement that he rested, held not error, as offered too late, irrelevant, or immaterial.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by J. B. Thomas against C. H. Verschoyle. Judgment for plaintiff, and defendant appeals. Affirmed.

Cox, Fulton & Myers, of Wichita Falls, for appellant.

Carrigan, Montgomery, Britain, Morgan & King, of Wichita Falls, for appellee.

BOYCE, J. Appellee, J. B. Thomas, brought this suit against appellant, C. H. Verschoyle, to recover a balance of $1,375, alleged to be due on a contract of sale of an oil, gas, and mineral lease, on 15 acres of land in Wichita county. This contract was made between Thomas, as seller, and Verschoyle, as purchaser, and contained the following provisions: That Thomas had sold and did thereby agree to sell, transfer, and assign to Verschoyle the lease on the premises; that Thomas should furnish Verschoyle abstract of title to the lease, which Verschoyle was to examine and report any objections, and that Thomas thereafter should have a reasonable time within which to cure same; that an assignment of the lease should be placed in the City National Bank of Wichita Falls, to be delivered to Verschoyle, on final payment of the purchase price; that in consideration of said assignment Verschoyle agreed to pay to Thomas the sum of $3,375, $1,000 of this amount to be deposited with the bank with the assignment just mentioned;

that upon approval of the title ·the further sum of $1,000 should be paid to the bank and that the $2,000 thus paid should "then' become immediately available and delivered to Thomas"; that Verschoyle agreed within 30 days after approval of the title to pay to the bank the balance of $1,375, whereupon the bank should deliver the assignment to Verschoyle and the money to Thomas. Then follows this provision, which furnishes the basis for the principal question raised on appeal:

"If party of the first part (Thomas) shall comply with the terms of this contract, and party of the second part (Verschoyle) shall fail to or refuse to comply with the terms thereof, then and in that event the money covered by the said two $1,000 payments, deposited in said bank as herein provided shall each be forfeited to party of the first part as full liquidated damages for such nonperformance and this contract canceled."

Plaintiff alleged that he furnished the abstract of title and that the title was approved and defendant had paid the $2,000, that the defendant, after the payment of the second $1,000, entered upon the lease, accepted the same, and exploited it by drilling a well for oil and gas, and thereafter repudiated the contract and refused to pay the said sum of $1,375. The plaintiff tendered the assignment of the lease and prayed for judgment for $1,375, interest, costs of suit, and general relief.

The evidence shows that the contract was executed and $2,000 paid thereon as alleged. It is sufficient also to show that the title was accepted by defendant, and that defendant bored a well on the premises, as alleged; this well being dry.

[1] The appellant contends that the contract gave him the option of taking the lease or refusing it on forfeiture of the $2,000. The contract is not materially different from those that we have heretofore construed as giving the seller the option of enforcing performance or accepting the stipulated sum as liquidated damages. Bourland v. Huffines ·(Tex. Civ. App.) 244 S. W. 847; Strickell v. Brownfield State Bank (Tex. Civ. App.) 250 S. W. 258; Wall v. Texlouana Producing & Refining Co. (Tex. Civ. App.) 241 S. W. 521; Id. (Tex. Com. App.) 257 S. W. 876. See, also, Western Union Telegraph Co. v. Brown, 253 U. S. 101, 40 Sup. Ct. 460, 64 L. Ed. 803; Stewart v. Griffith, 217 U. S. 323, 30 Sup. Ct. 528, 54 L. Ed. 782, 19 Ann. Cas. 639. The contracts in the two cases first cited are very similar to the one now being considered. In the Wall Case there was a provision for the forfeiture of certain money deposited in the bank, but it was not stated· that this should be forfeited "as liquidated damages." However, the Supreme Court, in the case of Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847, did not attach any im-

portance to the fact that the contract provided that the money should be paid "as liqui-dated damages." So much has been written on this subject, both by this court and others, that we refrain from further discussion. We adhere to our former decisions and construe the contract as giving the seller and not the buyer the option.

[2] The plaintiff testified that Verschoyle, after acceptance of the title and payment of the second $1,000, went on the lease and drilled a well. It is not disputed that Verschoyle did drill the well and that it was a dry hole, though there is some discrepancy in the testimony as to just when he went on the lease and the circumstances under which he went. Even if the contract be construed as giving Verschoyle the option of forfeiting his payments or completing the purchase, the evidence warrants the conclusion that he made his election by accepting the premises and drilling a well thereon. The purpose of buying the lease was to exploit it for oil. This exploitation would establish an acceptance of the lease. Having elected to take the lease and having exploited it, appellant would. be bound thereafter by such election.

[3] Another proposition is that the suit is one for specific ·performance and the petition is fatally defective, first, in not alleging that the plaintiff, at the time of the institution of the suit, and at the time of the trial, had good title to said property; and, second, because there is no prayer for specific performance. The contract provided that abstract of title should be furnished defendant, and that he should have it examined, and defendant, by its terms, expressly agreed to pay the sum of $1,375 within 30 days after the title was approved. The plaintiff alleged that the abstract was furnished and title approved by defendant. The petition having· stated the fulfillment of the conditions requisite to the coming into effect of .this agreement, and seeking to recover on the specific promise .so· made, is, we think, sufficient. The cases such as Roos v. Thigpen (Tex. Civ. App.) 140 S. W. 1180, cited by appellant, are not in our opinion, in point.

[4] The trial was before the court. After both sides had, after the introduction of evidence by the plaintiff alone, "rested," the court permitted ,the plaintiff to "withdraw his announcement that he rested and offer further testimony." This was a matter addressed to the discretion of the trial court, and we find no abuse thereof.

[5] There was no error in allowing plaintiff to introduce in evidence the assignment of the lease. This was the assignment that was put up in escrow in the bank, and it was identified by the escrow holder. No objection to it for form or sufficiency was ever, nor is now, made by appellant. This assignment was part of the evidence offered after reopening of the case, and the objection was

that "it came too late and was irrelevant and immaterial."

We find no reversible error presented, and the judgment will be affirmed.