### W. R. NEWTON ET AL. v. DICKSON, MOORE & SMITH ET AL.

Decided January 23, 1909.

**1.—Contract—Sale of Land—Forfeiture Clause—Option.**

A contract in writing signed by the parties, reciting that the owner agreed to sell and convey a certain parcel ot land for a certain sum in money payable a certain sum in cash and the balance in notes; that to bind the contract the contracting parties each deposit a certain sum to be forfeited by the party failing to fulfil his part of said contract, and that same is to be consummated in thirty days, evidenced a valid sale of the land, notwithstanding the forfeiture clause, and not a mere option to purchase.

**2.—Stakeholder—Costs—Attorney's Fee.**

Where a stakeholder, made a party defendant by the plaintiff in a suit to recover a forfeit, was compelled to employ an attorney to file his answer, and answered to the effect that he was ready and willing to pay the sum to the party entitled to receive it, and to this end stood ready to pay it into court to be paid to the party entitled thereto, he was entitled to an attorney's fee to be taxed as costs against the plaintiff who was cast in the suit.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Vaughan & Hart,* for appellants.

*Morrow & Smithdeal,* for appellees.

BOOKHOUT, Associate Justice.—On the 11th day of February, 1908, appellants filed their original petition in the court below against appellees, Dickson, Moore & Smith, to recover of them $1,000 placed in their possession as forfeit money through a check drawn by one R. C. Frazier on the First State Bank of Hillsboro, Texas, one of the appellees herein, seeking in said petition a judgment against appellees for said check and decree directing said bank to pay to appellants said sum of $1,000. The defendants, Dickson, Moore & Smith, answered by exceptions, general denial and special plea, in substance, that they were real estate agents engaged in the sale of real estate on commission; that plaintiffs listed certain property with them for sale at $19,000, and agreed that if said defendants should find a purchaser for said land who was ready, able and willing to buy the same at $19,000 that the defendants should receive five hundred dollars commission for their services; that they did find a purchaser who was ready, able and willing to buy the same, to wit: R. C. Frazier, and to pay therefor the sum of $19,000, $10,000 cash, and the assumption of loans, and the balance in two notes, one for one, and one for two years, bearing interest at the rate of eight percent per annum. That said purchaser was found by the said defendants, and he and the said W. R. Newton, who was acting for himself, and the other plaintiffs herein were brought together by the said defendants, and the terms aforesaid were agreed upon, and the said R. C. Frazier and the said W. R. Newton signed a written agreement acquiescing and binding themselves to the said terms of sale. That by virtue of the premises the said plaintiff became liable and promised to pay the defendants their said commission, which they alleged was $500. Defendants further show to the court that at the time said contract was made, and at the time and at all times since the same was made, the said R. C. Frazier was a solvent man. That at the time of making said contract he deposited with these defendants a check payable to them for the sum of $1,000. That subsequently the plaintiffs failed and refused to enforce said contract against the said Frazier and failed and refused to sue him for damages upon the same, and compromised and agreed with him to abandon the said contract and to waive all damages against him, except such as were represented by the check aforesaid,

whereby the said defendants say that the plaintiffs became liable and promised to pay them their said commission. That they have failed and refused to pay the same. That the said bank upon which said check is drawn is willing to pay the check, but that the said bank has been instructed by the said R. C. Frazier not to pay the same unless the same is endorsed by the said W. R. Newton. That the plaintiffs are insolvent and have no property subject to execution.

The First State Bank answered that R. C. Frazier has on deposit with it sufficient funds to pay the check for $1,000 described in plaintiffs' petition. That said check was executed by the said R. C. Frazier to the said defendants, Dickson, Moore & Smith, as a forfeit to be given up by him, the said Frazier, in the event he failed to consummate a certain contract entered into by and between plaintiffs and the said Frazier, whereby the said plaintiffs were to sell and convey to said Frazier the land described in the plaintiffs' petition on the terms substantially described and set out in plaintiffs' said petition. That this defendant is ready and willing to pay said check to the person or persons who are entitled to receive same, and to that end this defendant stands ready to tender said fund into said court to be paid to the party or parties who are entitled thereto. That defendant further says that it is entitled out of said fund to a reasonable attorney's fees for answering herein, it having employed attorneys for that purpose and having contracted to pay said attorneys reasonable compensation for their services in preparing this answer, filing same and representing this defendant in this cause. That $50 is a reasonable and proper fee for such services.

A jury trial resulted under instructions of the court in a verdict as follows: "We, the jury, find a verdict in favor of the plaintiffs in the sum of Five Hundred ($500) Dollars against all of the defendants. We further find in favor of the defendants, Dickson, Moore & Smith, the sum of Five Hundred ($500) Dollars as against the First State Bank and all the plaintiffs." Judgment followed on the verdict, and the court allowed the First State Bank the sum of $25 as attorney's fees to be taxed and collected as other costs in said suit. Plaintiffs perfected an appeal.

*Conclusions of Fact.*—W. R. Newton, acting for himself and the other plaintiffs, listed the 295 acres of land described in the pleadings with the real estate firm of Dickson, Moore & Smith for sale for $19,000, upon which said agents were to receive a commission of $500 for making a sale. Subsequently, said agents found a purchaser, to wit: R. C. Frazier, who was able, ready and willing to purchase said land at the stipulated price. They presented said purchaser to said W. R. Newton, whereupon said Newton for himself and the other plaintiffs entered into a written contract with said purchaser as follows: "This agreement entered into this, the 24th day of December, 1907, between W. R. Newton, party of the first part, and R. C. Frazier, party of the second part, witnesseth: That W. R. Newton, of the first part for himself, and representing W. R. Newton et al., and by their advice and consent does hereby

agree to sell and convey to R. C. Frazier, party of the second part, 295 acres of land situated, in Hill County, Texas, and known as the Tom E. Newton estate on Sherwood survey, for the consideration of $19,000, payable as follows: $10,000 cash, the assumption of the loans, and the balance in two notes of one and two years, bearing interest at the rate of eight percent. And to bind the above contract we, the above contracting parties, deposit the sum of $1,000 each with Dickson, Moore & Smith, the same to be forfeited by party failing to fulfill his part of above contract. This contract to be consummated in thirty days.

"(Signed) W. R. Newton,<br>R. C. Frazier."

Which contract was prepared by Dickson, Moore & Smith, and at the time of the execution of said contract R. C. Frazier executed his check on the First State Bank of Hillsboro for One Thousand Dollars, payable to Dickson, Moore & Smith, or order, on which check there was written the following words: "This check is only to be paid in case of failure of parties signing same failing to comply with the accompanying contract." At the same time W. R. Newton executed his note for One Thousand Dollars, payable to Dickson, Moore & Smith, the note containing the following: "This note is only to be paid on failure of parties signing failing to keep faith in accordance with contract." The contract, note and check were drawn in Dickson, Moore & Smith's office and put into their possession to be held pending the closing of the trade, and for the purposes set out in the written contract. R. C. Frazier failed to conclude the purchase with the plaintiffs, and Dickson, Moore & Smith insisted upon the payment of their commission, which they claimed to be $500. Newton insisted that the commission ought not to be paid. Frazier instructed the bank not to pay the check unless it was endorsed by Dickson, Moore & Smith and W. R. Newton, and Frazier agreed with Newton that he would surrender the One Thousand Dollars and Newton agreed that he would make no claim for damages against Frazier except to insist upon the payment of the check for One Thousand Dollars. The plaintiffs were willing and ready to execute, and would have executed, proper deed of conveyance to the said R. C. Frazier, conveying said tract of land to him according to the terms of said contract, if the said R. C. Frazier had complied with same.

*Conclusions of Law.*—The appellants under their first assignment of error, under which the contention properly arises, present the proposition that in order for appellees to be entitled to the commission claimed by them, it was necessary under the contract of brokerage between appellants and appellees that appellees should bring to appellants a customer who was ready, able and willing to purchase their land upon the terms authorized by appellants, provided that appellees should be entitled to their commission only in the event the failure to consummate the sale resulted from the fault of appellants. In other words, that the written contract between Newton and Frazier

does not evidence a sale of the land, but only an option on the part of R. C. Frazier to purchase the land at any time within thirty days from its date, and that Frazier not having elected to comply with the option, the appellees are not entitled to commission. We do not concur in this proposition. The contract between W. R. Newton and R. C. Frazier is more than an option to purchase the land. Construed as a whole, it evidences a valid contract by which said Newton agrees to sell 295 acres of land known as the Tom E. Newton estate in Sherwood survey, in Hill County, for the price and upon the terms stated in the contract; and that R. C. Frazier is to pay said price in the manner stated, and that each party is to deposit the sum of $1,000 with Dickson, Moore & Smith "to be forfeited by the party failing to fulfill his part of the contract." Newton could have enforced specific performance of this on the part of Frazier, notwithstanding it contained a clause of forfeiture of $1,000 for failure to perform. (Moss & Raley v. Wren, 102 Texas, 567.)

The appellees having procured a purchaser of the land, and such purchaser having entered into a valid contract with the vendor, which contract the vendor could specifically enforce, the appellees were entitled to their commissions. It follows from these remarks that the court did not err in instructing a verdict in favor of the defendants, Dickson, Moore & Smith against plaintiffs and the First State Bank for the sum of $500. Newton testified that when he listed the property with them he told them he would pay the regular commission; that at the time he signed the contract he knew that $500 was to be the commission.

There was no error in allowing the defendant, First State Bank, $25 attorney's fees and taxing the same as other costs against plaintiffs. The bank was made a party by plaintiffs and was compelled to employ attorneys to file its answer, and answered at length to the effect that it was ready and willing to pay the check to the person or persons entitled to receive the same, and to this end it stood ready to pay said sum into court to be paid to the party or parties entitled thereto.

The assignments not discussed have been carefully considered, and because we are of the opinion they fail to point out reversible error they are overruled. The judgment is affirmed.

*Affirmed.*