## ADAMS v. BROWN.
### No. 2379.

Court of Civil Appeals of Texas. El Paso. Jan. 30, 1930.

Rehearing Denied March 6, 1930.

Sutton & Montague and Upton & Upton, all of San Angelo, and Brian Montague, of Del Rio, for appellant.

Alfred E. Creigh, of Sanderson, and Jones & Lyles, of Del Rio, for appellee.

HIGGINS, J.

Appellee Brown and W. B. Robertson executed a contract which reads:

"This contract and memorandum of agreement made and entered into by and between Ben H. Brown, party of the first part, of Sanderson, Terrell County, Texas, and W. B. Robertson of Ozona, Crockett County, Texas, party of the second part, Witnesseth:

"1. Party of the first part agrees to sell, convey and deliver to party of the second part all of his ranch land in Block 2, Terrell County, consisting of about 8404 acres of patented land, said land to have all fences, windmills, houses and all other improvements now existing upon said lands except some new net wire and such tools and implements as belong to party of the first part personally.

"2. No live stock is to be purchased with said land.

"3. No other live stock except that which is now ranging on said land shall be kept thereon, and no stock shall be taken in for pasturage on said land.

"4. The price of said land is to be $7.50 per acre.

"5. Said land shall be delivered by party of the first part to the party of the second part on or about June 1st, 1928, providing party of the first part furnishes clear and merchantable abstract of title of said land to party of the second part. Party of the first part herein agrees to allow party of the second part ample time to have abstract of title passed on by competent lawyer and necessary arrangements made with land bank for financing the purchase.

"6. Party of the first part conveys all right and title of interest whatsoever in the mineral rights on said lands to party of the second part.

"7. Party of the first part agrees to deliver ranch with all fences and windmills in good order.

"8. Deeds to said land to be delivered on or about June 1st, 1928, to party of second part in Sanderson, Terrell County, Texas.

"9. Received as part payment on said lands Five Hundred ($500.00) Dollars, which money shall apply on the principal at date of settlement.

"10. Party of the first part herein agrees to pay O. W. Adams 5% commission on this sale.

"[Signed.]     Ben H. Brown,
    "Party of the first part. .
        "W. B. Robertson,
        "Party of the second part."

This suit was brought by O. W. Adams against Brown to recover a commission of 5 per cent. for services, rendered in effecting the executory contract of sale evidenced by such contract. A copy of the contract was attached to and made a part of the petition.

The petition set up that the land was listed by defendant with plaintiff for sale at $7.50; that plaintiff procured a prospective purchaser, W. B. Robertson, and showed him the lands, whereupon Brown and Robertson entered into the contract set forth above, "and by the execution of said written contract, the said defendant accepted as satisfactory to him the said purchaser, W. B. Robertson. * * *" Other allegations show that Brown subsequently released Robertson from the contract, returned to him the $500 theretofore paid, and that Brown later sold the land to G. B. Hill.

General and special exceptions to the petition were sustained and the suit dismissed.

■ Plaintiff's cause of action is predicated upon the rule which recognizes that a land agent employed to sell has earned his commission when he procures a purchaser able to buy, and by enforceable contract has bound himself so to do. Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847; Stolaroff v. Campbell (Tex. Civ. App.) 18 S.W.(2d) 838; Wolfman & Katz v. Callahan (Tex. Civ. App.) 204 S. W. 777.

■ By the execution of the contract defendant accepted Robertson as satisfactory to him, and he could not thereafter question Robertson's ability to purchase upon the terms set forth in the contract. 4 R. C. L. 309, and last two cases cited above.

■ The contract entered into between Brown and Robertson did not expressly obligate Robertson to buy and pay for the land, but his agreement so to do is clearly implied. Griffith v. Bradford (Tex. Civ. App.) 138 S. W. 1072; Heath v. Huffhines (Tex. Civ. App.) 152 S. W. 176; Anderson v. Jackson (Tex. Civ. App.) 168 S. W. 54.

■ And the contract is not to be regarded as a mere option which Robertson was at liberty to terminate if he saw fit to do so. We regard the contract as capable of specific enforcement against Robertson. Moss & Raley v. Wren, supra; Griffith v. Bradford, supra; Heath v. Huffhines, supra; Slayden v. Palmo, 53 Tex. Civ. App. 227, 117 S. W. 1054; Newton v. Dickson, 53 Tex. Civ. App. 429, 116 S. W. 143; Hamburger v. Thomas (Tex. Civ. App.) 118 S. W. 770; Cheek v. Nicholson (Tex. Civ. App.) 133 S. W. 707; Note in 3 A. L. R. beginning at page 576.

■ The petition shows that defendant released Robertson from performance of the enforceable contract which they had entered into.

Under the rules and authorities cited above, the petition stated a cause of action and the demurrers were erroneously sustained.

The fifth section of the contract relating to furnishing abstract of title, etc., has no bearing upon the question here presented.

The case made by the petition is simply that of a broker who procured a customer with whom the broker's principal entered into a contract, enforceable against the customer, which contract was voluntarily rescinded by the customer and principal. The failure to enforce the contract and perform his obligations thereunder places the principal in default, and such default cannot defeat the broker's right to compensation for the services he rendered. Stolaroff v. Campbell, supra.

Reversed and remanded.