## JONES v. PARKER.

### No. 7417.

Court of Civil Appeals of Texas. Austin.

March 19, 1930.

Rehearing Denied April 9, 1930.

Stevens & Stevens, of Houston, for appellant.

W. P. Hamblen and Philip Tharp, both of Houston, for appellee.

BLAIR, J.

Appellant sued appellee for a broker's commission for the sale of land. At the conclusion of the evidence, a verdict for appellee was instructed upon the following grounds:

1. That the purchaser procured by appellant was not ready, able, and willing to complete the sale upon the agreed terms.

2. That the contract procured was not capable of specific performance, but was a mere option to buy the land.

3. That, under his contract of employment, appellant was entitled to a commission only in the event the sale was fully consummated.

■ The instructed verdict cannot be sustained on the first ground, because where a broker procures a purchaser who enters into a binding enforceable contract with seller, on agreed terms and conditions, the seller thereby waives the readiness, ability, and willingness of purchaser to perform his contract. Roderick v. Elliott (Tex. Civ. App.) 17 S.W. (2d) 102, and cases cited at page 103.

■ Nor can the action of the trial court be sustained on the ground that the written contract procured by appellant was incapable of specific performance. The contract was an ordinary contract of sale, giving purchaser a certain time to examine abstract of title and to make objections thereto. Purchaser deposited in escrow in a bank $500, which was a part of the purchase price if the sale was completed; and was further provided as follows: "If the purchaser shall fail to complete the purchase within the time limited for the examination of title, or in the event of valid objection to the title, within five days after notice that such objection has been removed, he shall forfeit his rights under this agreement and the earnest money shall become the property of the seller and Ivan Jones as liquidated damages."

■ This provision did not bind seller to "accept" the $500 in lieu of performance on the part of purchaser. It merely gave seller an option to either pursue his remedy in damages or. for specific performance. The provision was for the benefit of the seller to coerce specific performance, and does not give the purchaser the option to forfeit the contract by the payment of damages in lieu of specific performance. Moss v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847; Texlouana Refining Co. v. Wall (Tex. Com. App.) 257 S. W. 875; Karr v. Stevens (Tex. Civ. App.) 297 S. W. 287, in which a writ of error has been granted. However, the contract there construed clearly binds seller to "accept" the stipulated damages in lieu of performance, but does not so bind the purchasers who were to pay the commission, and who could have compelled seller to have specifically performed that contract. In this case, the evidence is undisputed that the purchaser procured by appellant was ready, able, and willing to carry out the contract of purchase if appellee would meet certain objections to title. Appellee claimed that the objections to the title came too late under the terms of the contract, or that they were frivolous and made for delay. If so, they were no barrier to the specific enforcement of the contract, or to the enforcement of the liquidated damages provision of the contract. But, instead of exercising one or the other of these remedies, appellee voluntarily surrendered the $500 to the purchaser and obtained a release from the contract. And this was done without the knowledge or consent of appellant, and notwithstanding the fact that under the above provision of the contract the $500 was to "become the property of the seller and Ivan Jones (appellant) as liquidated damages."

■ Nor can the instructed verdict be sustained on the third ground that under appellant's contract of employment he was entitled to a commission only in the event the sale was fully consummated. His contract provided that he was to be paid, as his commission, "all over and above $400.00 per acre," for which he sold the land. The written contract procured bound purchaser to pay $450 per acre. The employment contract further provided that appellee was to "pay said Jones (appellant) out of the cash payment" on the land, which was "to be not less than $7500.00." The contract of sale procured bound purchaser to pay $10,000 cash. It gave appellee the option to compel specific performance, in which event appellant could have collected his commission out of the cash payment. On the other hand, it gave appellee the option to enforce the liquidated damages provision of the contract in which event, of course, appellant could not collect his commission out of the "cash payment" on the land. The contract also recognized a right in appellant to at least a part of the stipulated damages, as above shown. So, under these contracts and the facts and circumstances surrounding their execution, we think the question of whether appellant was to receive a commission only in the event the sale was actually consummated was for the jury, and the court erred in the instruction of a verdict for appellee.

In 9 C. J., 591, the rule applicable here is stated as follows: "A commission ordinarily becomes payable on completion of the transaction which the broker was employed to negotiate, unless there is a stipulation in the contract of employment to the contrary. If by the contract of employment the broker is merely to find a customer who is able, ready and willing to enter into a transaction with the principal on the terms prescribed by him, the broker is entitled to compensation on performing that service, whether or not the principal completes the transaction. Thus a broker employed to find a purchaser or a vendor or to exchange ordinarily becomes entitled to a commission on the execution of a contract of purchase or sale or exchange, although without any fault on the part of the broker the contract is never carried out, unless there is a stipulation, express or im-

plied, making his right to compensation depend on the performance of the contract or the happening of some other event." Williams v. Phelps (Tex. Civ. App.) 171 S. W. 1100; Newton v. Dickson, 53 Tex. Civ. App. 429, 116 S. W. 143; Davidson v. Wills (Tex. Civ. App.) 96 S. W. 634.

We reverse and remand the cause for trial in accordance with the opinion.

Reversed and remanded.