**HOWELL v. ROSSER.**

No. 3462.

Court of Civil Appeals of Texas. Amarillo.

Oct. 15, 1930.

Rehearing Denied Nov. 12, 1930.

J. S. Kendall, of Munday, and D. J. Brookreson, of Benjamin, for appellant.

C. D. Russell and Kinder & McMath, all of Plainview, for appellee.

HALL, C. J.

On the 5th day of September, 1925, Rosser and Howell entered into a written contract whereby Rosser agreed to sell Howell 1,130 acres of land, more or less. The deal was never consummated and Rosser filed this suit to recover damages.

The material stipulations of the contract are as follows:

"For and in consideration of the sum of $32.50 per acre to be paid in cash, first party (Rosser) has sold and hereby binds himself to convey unto the second party (Howell) by good and sufficient deed the following described tracts of land. * * * Said three tracts of land totalling 1130 acres more or less, the consideration to be paid for the actual number of acres contained therein. * * * First party shall furnish to second party abstracts showing good, merchantable title to said land subject to existing liens, which are to be paid out of the proceeds of this sale. Second party shall deposit with a copy of this contract in the First National Bank of Plainview, Texas, $2500.00 earnest money which, upon approval of the titles by second party, shall be applied to the payment of the consideration of said lands. This deal shall be finally consummated on or before January 1, 1926."

The court construed the contract as being mutual and binding upon both parties and found that the defendant had breached the contract and submitted to the jury only one issue, in response to which the jury found that the market value of the land in question on January 1, 1926, was $30 per acre. The court rendered judgment against Howell in the sum of $3,483.92, with interest.

No question is raised here as to the sufficiency of the pleadings.

By the first and second propositions the appellant Howell insists that because the contract was unilateral and void, in that it bound Rosser to sell and did not bind Howell to buy, but only conferred an option upon him to do so, the contract should not have been admitted in evidence and that the court's construction thereof is erroneous.

■ We overrule these contentions. The contract is signed by both parties. It binds Howell to deposit $2,500 earnest money to be credited upon the purchase price. It recites that the land has been sold by Rosser to Howell for the sum of $32.50 per acre to be thereafter paid upon certain conditions. It further stipulates that abstracts are to be furnished by Rosser showing a good, merchantable title, and that certain liens are to be paid out of the proceeds of this sale, and finally provides that the deal shall be closed on or before January 1, 1926. These stipulations show a sale rather than an option to purchase. Adams v. Brown (Tex. Civ. App.) 25 S.W.(2d) 879; Northside Lumber & Building Co. v. Neal (Tex. Civ. App.) 23 S.W.(2d) 858; Griffith v. Bradford (Tex. Civ. App.) 138 S. W. 1072; Hamburger & Dreyling v. Thomas (Tex. Civ. App.) 118 S. W. 770; Id., 103 Tex. 280, 126 S. W. 561; Slayden v. Palmo, 53 Tex. Civ. App. 227, 117 S. W. 1054.

The third and fourth propositions are to the effect that the court erred in holding that the appellee had complied with his contract to furnish abstracts showing good and merchantable title to the land, because the abstracts furnished were only certified to November 3, 1925.

■ The contract provides that the deal shall be finally consummated on or before January 1, 1926, and that Howell should have the option to close the deal at any time after abstracts were furnished, and in the event he should close the deal, he should have possession of all lands except such as had ungathered crops thereon. Under this provision of the contract, Howell was not bound to close the deal on November 3, 1925, nor any other subsequent date until January 1, 1926. He did not exercise his option, and even if it could be contended that the abstracts furnished showed good, merchantable title on November 3, 1925, this would not relieve Rosser of the obligation to provide abstracts certified and brought down to January 1, 1926. An abstract does not show good, merchantable title which has not been brought down to date and properly certified. Davis v. Fant (Tex. Civ. App.) 93 S. W. 193; Gaut v. Dunlap (Tex. Civ. App.) 188 S. W. 1020; Mathews v. Caldwell, 258 S. W. 810.

The appellee contends that after objections to the title were made by appellant's counsel,

appellee had all of the time, including the 1st day of January, 1926, in which to correct the defects pointed out by the examining attorney.

The contract in this case does not require the appellant to point out the defects, if any, in the abstract. Although appellant's counsel did write him a letter stating the objections to the title and although appellant showed the letter to appellee, he was under no obligations to do so. He had the right to stand upon his contract as written. Diana Oil Co. v. Cayton (Tex. Civ. App.) 20 S.W. (2d) 108; Crutcher v. Aiken (Tex. Civ. App.) 252 S. W. 844, and authorities cited.

Since it is established without controversy that the abstracts furnished appellant even on December 31, 1925, bore no certificate that they were complete abstracts brought down to date, that term of the contract requiring Rosser to furnish abstracts showing good and merchantable title was breached and appellant had the right to end the negotiations and refuse to close the deal.

The appellee insists that the abstracts showed good, merchantable title. We have not examined the record to ascertain the condition of the title in so far as the specific defects pointed out by appellant's counsel are concerned. Appellant's assignments and propositions are too general to require us to go into the specific objections urged. That stipulation of the contract which required the appellee to furnish abstracts showing good and merchantable title is a condition precedent to his right to recover.

For the reasons stated, the judgment is reversed, and the cause remanded.