## PARKER v. JONES et al.

### No. 9838.

Court of Civil Appeals of Texas. Galveston.

June 29, 1933.

Rehearing Denied Sept. 20, 1933.

See also 26 S.W.(2d) 742.

W. P. Hamblen and Philip Tharp, both of Houston, for appellant.

Stevens & Stevens, of Houston (C. F. Stevens, of Houston, of counsel), for appellee Jones.

PLEASANTS, Chief Justice.

This suit was brought by appellee, a real estate agent, to recover from appellant the sum of $4,750, alleged to be due him as the contract compensation for services rendered appellant in procuring a purchaser for land offered for, sale by appellant. The following sufficient statement of the pleadings of the parties, and the result of the suit, is copied from appellant's brief:

"The plaintiff alleged that he was a real estate agent and broker, and was employed by the defendant (J. M. Parker) to sell a tract of approximately 95 acres of land, at a price to net the owner $400.00 per acre, with the commission added above that sum. The petition alleged that the plaintiff procured a customer, ready, able and willing to purchase the land at $450.00 per acre, and that a contract was accordingly entered into with the said purchaser, by the terms of which the defendant seller was to furnish a complete abstract of title, showing a good and marketable title in himself. It was further alleged that the plaintiff furnished such customer, who was ready, able and willing to take the land, but that the defendant failed to furnish a marketable title, and the contract which the defendant entered into with the customer furnished by plaintiff was not consummated, for the reason that the purchaser contended that the defendant failed and refused to furnish a marketable title, although he had agreed to do so. Under these allegations plaintiff claimed that he was entitled to recover $50.00 per acre, or $4750.00 from the defendant.

"The defendant answered by general denial, and that in order to satisfy the purchasers he brought a suit in the district court of Harris County, where the land was situated, to cure the defects in the title; but that as a matter of fact there were no defects in the title, and that the purchasers never had any intention of purchasing the property, but made the said objection to the title solely to gain time and permit them to speculate on the land without paying therefor. That the purchaser was at no time ready, able or willing to purchase the land.

"The case was tried before a jury, and at the close of the testimony defendant made a motion for an instructed verdict, which was overruled, and exception taken. The case was then submitted to the jury on special issues as follows:

"Special Issue No. 1. Do you find that it was the intention of the parties plaintiff and the defendant that the defendant should owe Jones the sum of $50.00 per acre when Jones procured the contract of sale, which is in evidence in this case; or do you find that Parker should owe Jones a commission only in event a sale was actually consummated to the Cages?

"Answer: 'We find that it was the intention of the parties that the defendant should owe Jones the sum of $50.00 per acre when Jones procured the contract of sale to the Cages,' or

" 'We find that Parker should owe Jones a commission only in the event a sale was actually consummated to the Cages.'

"The jury answered Special Issue No. 1 as follows:

" 'We the jury in the above numbered and styled cause, answer the special issues submitted to us as follows:

" 'To Special Issue No. 1 we answer: We find that it was the intention of the parties that the defendant should owe Jones the sum of $50.00 per acre when Jones procured the contract of sale to the Cages.

" 'O. L. Harrington, Foreman.' "

Upon the return of the verdict the court, on motion of plaintiff, entered judgment in his favor for the sum of $4,750, with interest at 6 per cent., totaling the sum of $6,067.

The following are the material provisions of the contract upon which plaintiff's suit was brought:

· "That the said J. M. Parker hereby agrees. to allow said Ivan H. Jones all over and above $400.00 per acre on the sale of Ninety acres of land on the ship channel in the Harris

and Carpenter Survey in Harris County, Texas, and described as follows:" (Here follows full description of the land.)

"This contract is for a period of four months or until notified in writing by said J. M. Parker. In the event of a sale during the life of this contract, by said Ivan H. Jones, this contract is not voidable by said J. M. Parker, his heirs or assigns.

"It is further agreed that said J. M. Parker agrees to convey said above land at any price not less than $400.00 per acre, said Ivan H. Jones might sell it for, and pay said Jones out of the cash payment. The terms of sale to be not less than $7500.00 cash and balance in one to ten years at 5% interest, payable semi-annually."

The contract between appellant and Mr. and Mrs. Cage for the sale and purchase of the land, omitting the description of the property, is as follows:

"State of Texas, County of Harris.

"This contract made and entered into by and between J. M. Parker, hereinafter called the Seller, and Roene Cage and Elliott Cage hereinafter called the Purchaser, Witnesseth:

"The Seller agrees to sell to the purchaser the following described property, to-wit: (Here follows description.)

"This agreement is made upon the following terms and conditions. ·

"The price is Four Hundred and Fifty Dollars per acre payable as follows: Ten Thousand· Dollars cash and the balance to be evidenced by ten promissory notes of equal amounts, due on or before 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 years after date respectively, bearing interest from date at the rate of 5% per annum payable semi-annually and secured by a vendor's lien upon the property conveyed.

"The deed is to be by deed with general warranty in the usual form to be executed by such persons as may be necessary to convey a fee simple title to the property free of all incumbrance. Taxes up to and including the year 1925 to be paid by the seller; taxes for the year 1926 to be prorated as of the date of the deed.

"The seller to furnish a complete abstract of title within a reasonable time showing good and marketable title in the seller. The purchaser to have 90 days from the date of the delivery of the abstract in which to examine same. If any valid objections to the title are found then the seller to have 90 days after notice to him in writing to such objections in which to remove same and binds himself to use his best efforts to do so by suit if necessary. The purchaser has the privilege of waiving any objections.

"For and in consideration of the agreement hereby made by the seller, the purchaser has paid to the seller the sum of $500.00 which is to be held in escrow by Guardian Trust Company as earnest money and which is to become a part of the purchase money if the sale is completed.

"In case any valid objection to the title is found and written notice thereof given to the seller within the time above limited for the examination of title, and the seller shall fail to remove same within the time allowed as above for that purpose, the said earnest money shall be returned to the purchaser, and this agreement shall be of no further force and effect.

"If the purchaser shall fail to complete the purchase within the time limited for the examination of title, or in the event of valid objection to the title, within five days after notice that such objection has been removed, he shall forfeit his rights under this agreement and the earnest money shall become the property of the seller and Ivan Jones as liquidated damages.

"Signed February 20th, 1926.
"[Signed]   J. M. Parker
"[Signed]   Elliott Cage
"[Signed]   Roene Cage.
"Witness:
"[Signed]   Ivan H. Jones
"[Signed]   C. J. Higginbotham."

Mr. Higginbotham, who signed this contract with appellee as a witness, assisted him in its procurement.

Appellant's first assignment and the proposition thereunder assail the verdict of the jury, before set out, on the ground that it is without any support in the evidence.

We think the proposition should be sustained. There is no ambiguity in the contract. According to its plain express terms, appellant was to receive $400 an acre for his land, and any amount for which the land should be sold in excess of $400 per acre would be paid to appellee out of the cash payment received for the land. These provisions of the contract, it seems clear to us, negative the interpretation that appellee would earn his compensation of $50 per acre when he procured the Cage, or any similar, contract with appellant to purchase the land at the price of $450 an acre. The provisions of this contract show as a matter of law that it is not a contract entitling appellee. to the compensation stated therein if he procures a contract for the purchase of the land upon the terms stated, by a purchaser ready, able, and willing to buy.

If appellee had shown that appellant had refused to comply with his contract to convey the land to the Cages, or that appellant's title to the land was so defective that the Cages could not be compelled to complete their contract of purchase, he would be entitled to his agreed compensation of $50

per acre. If any evidence was introduced tending to raise either of these issues neither of them was submitted to the jury, and appellee by failing to request such submission must be held to have abandoned such grounds of recovery. So far as this record shows there was no issue of fact to submit to the jury, the written contracts speak for themselves, and in the absence of allegations and proof of mistake or fraud in their execution, their construction is a matter of law which cannot be left to the determination of a jury.

At a former day of this term we concluded that because of a seeming conflict in these conclusions with the opinion of the Austin Court of Civil Appeals on a former appeal of this case (Jones v. Parker, 26 S.W.(2d) 742), the question should be certified, and we so ordered. Upon a more careful and mature consideration of that opinion, we have concluded that the apparent conflict is not material. That appeal was prosecuted from an instructed verdict against Jones, the appellee here. The opinion is well considered and the decision reversing the judgment upon several of the grounds stated in the opinion is, we think, unquestionably sound. If the facts on that appeal were the same as the facts in this record, some of the reasons upon which the reversal was based are in conflict with our conclusion above expressed; but we have concluded that such apparent conflict does not require us to certify the question.

■ The provision in the contract procured by appellee with the Cages for the purchase of appellant's land that if the purchaser fails to complete the contract in accordance with its terms, the $500 earnest money which had been placed in escrow should be forfeited and become the property of the appellant and the appellee, entitles the appellee to recover from the appellant, who is shown to have permitted the Cages to withdraw it from escrow, one-half of this earnest money. Jones v. Parker, supra.

■ The motion for a new trial was filed by appellant in the court in due time; but its hearing, because of lack of time before the end of the term, was by order of the court continued until the next term and leave granted the appellant to file an amended motion. The term of the court at which the judgment was rendered and the motion for new trial filed expired on December 31, 1931, and the next term began on January 1, 1932. On January 23, 1932, the trial court permitted C. J. Higginbotham to file a suit in intervention, claiming one-half of the amount due appellee under his contract.

We agree with appellee that this intervention came too late, and the order of the court amending the original judgment so as to permit Higginbotham to recover from appellee one-half of appellee's recovery was unauthorized and has no validity.

Our conclusion is that the judgment should be reformed by allowing appellee to recover from appellant the sum of $250, and denying Higginbotham any right of recovery in this suit.

Reformed and affirmed.