, **HOWELL v. ROSSER.**

No. 4311.

Court of Civil Appeals of Texas. Amarillo. Dec. 3, 1934.

Rehearing Denied May 6, 1935.

J. S. Kendall, of Munday, and D. J. Brookreson, of Benjamin, for appellant.

C. D. Russell and Frank R. Day, both of Plainview, for appellee.

JACKSON, Justice.

This is an appeal from a judgment obtained by appellee against appellant for damages in the sum of $5,590 alleged to have resulted from a breach by appellant of his written contract to purchase certain lands from appellee.

The contract, for the breach of which such damages were recovered, was executed by the parties September 5, 1925, and is as follows:

"That for and in consideration of the sum of $32.50 per acre to be paid in cash, first party has sold and hereby binds himself to convey unto second party by good and sufficient warranty deed the following described tracts of land situated in Hale County, Texas, to-wit: Section No. 6 in Block C 2, the East 240 acres of Section No. 8, Block P & F; all of the J. F. Dunn State File except about 3 acres heretofore sold off of said tract. Said three tracts of land totalling 1130 acres more or less, the consideration to be paid for the actual number of acres contained therein.

"First party reserves the crops now growing on said land and shall pay the taxes for 1925 and all prior years.

"First party shall furnish to second party abstracts showing good and merchantable title to said land subject to existing liens which are to be paid out of the proceeds of this sale.

"Second party shall deposit with a copy of this contract in the First National Bank of Plainview, Texas, $2500.00 earnest money which upon approval of the titles by second party shall be applied to the payment of the consideration of said lands.

"This deal shall be finally consummated on or before Jan. 1, 1926, but first party shall have the right to ingress and egress for the purposes, if necessary, of harvesting his crops from said land, which if not harvested prior to Jan. 1, 1926 shall be done with due diligence. Second party having the option to close at any time after abstracts can be furnished in which event he may have possession of all lands except such as upon which the crops have not been fully harvested. All obligations hereunder shall be performable at and through the First National Bank of Plainview, Texas."

The record shows the lands were situated in Lubbock and Hale counties. An abstract of title to the land in Lubbock county, certified to October 23, 1925, and an abstract of title to the land in Hale county, certified to November 3, 1925, were immediately after said last date mailed in Plainview to appellant at Knox City, in Knox county, Tex. He delivered them to his attorney, who in a written opinion dated December 15, 1925, made numerous objections to the title as disclosed by the abstracts and their supplements. The attorney's opinion, together with the abstracts and supplements, were promptly forwarded to appellee at Plainview, and he had several additional instruments inserted therein. On December 28th, the abstracts and supplements were again mailed to appellant at Knox City, who submitted them to his attorney and was advised in writing in an opinion dated December 31st that in the opinion of the attorney the abstracts did not show merchantable title in appellee. At 9:15 a. m., January 1, 1926, appellant sent to appellee a telegram, which was promptly received, stating: "My attorney reports the title unmerchantable. Cannot waive any further delay for perfecting titles."

Appellee concedes that the certificate to the abstract of title furnished to the land in Lubbock county was dated October 23d, and the one to the abstract of title to the land in Hale county was dated November 3d, and that such abstracts did not cover the time from their respective dates to January 1, 1926. He contends, however, that the judgment should be affirmed because the abstracts furnished showed merchantable title to their respective dates subject only to the liens which were to be satisfied out of the purchase money, and had appellant not wired appellee on January 1st in effect refusing to close the deal, but had come to the First National Bank in Plainview on said date, ready to perform, as the contract provides, appellee would have furnished supplemental certificates for the abstracts showing merchantable title to said date. There is no testimony that such supplemental certificates had been obtained or even ordered prior to the time appellee received the telegram on January 1st.

On a former appeal of this case, this court held that, "Since it is established without controversy that the abstracts furnished appellant even on December 31, 1925, bore no certificate that they were complete abstracts brought down to date, that term of the contract requiring Rosser to furnish abstracts showing good and merchantable title was breached and appellant had the right to end

the negotiations and refuse to close the deal." Howell v. Rosser, 32 S.W.(2d) 380, 382. We refer to the opinion for a statement of the facts not herein recited, and the law as there announced renders it unnecessary to discuss the questions disposed of therein.

During the last trial the appellee obtained and introduced in evidence two supplemental certificates. One from the Guarantee Abstract & Title Company, which states, in substance, that no conveyances or other instruments of writing affecting the title to the land in Lubbock county had been filed or recorded from October 23, 1925, to January 1, 1926. · The company in its certificate, however, says: "We do not certify to taxes, tax suits nor tax judgments." The other from the Hale County Abstract Company states, in substance, that there had been no instruments affecting the title to the land in Hale county filed or placed of record in the office of the county clerk of said county from November 3, 1925, to January 1, 1926, but states: "We make no examination as to taxes. Neither do we certify to sewer and water rents."

The parties agreed that on or about November 6, 1925, appellee furnished appellant abstracts showing title in appellee to the land in Lubbock county on October 23, 1925, and to the land in Hale county on November 3, 1925, "Subject only to the objections pointed out by the defendant's attorney in his opinion dated Dec. 15, 1925."

■ Among the many defects claimed, the attorney in his opinion advised appellant that, as shown by the abstracts and supplements, the lands were incumbered by unreleased liens given to secure the payment of numerous promissory notes payable to various parties; that in addition to said voluntary liens there was a judgment shown for the sum of $1,675 which constituted a lien against the land. The principal of the promissory notes secured by voluntary liens, together with the judgment lien, aggregated approximately $50,477. Whether any interest had been paid does not appear.

The appellee introduced in evidence copies from the abstracts and supplements of numerous instruments as abstracted therein, obviously for the purpose of removing the objections made to the title or to show that such objections did not affect the marketability thereof. According to the record before us, the attorney was justified in advising appellant that the lands were incumbered by liens securing the payment of said $50,477, and that none of such liens had been released.

The appellee contracted to sell and bound himself "to convey" to appellant "by good and sufficient warranty deed" 1,130 acres of land more or less for a consideration of $32.-50 per acre, to be paid in cash for the actual number of acres, and to furnish abstract "showing good merchantable title" to the land subject to existing liens which were "to be paid out of the proceeds of this sale." The testimony shows the actual number of acres to be 1,118.2, and at the stipulated price per acre the consideration would have amounted to $36,341.50. It is manifest that the indebtedness secured by the "existing liens" could not have been "paid out" of the consideration appellant had contracted to pay.

The supplemental certificates to the abstracts obtained during the last trial and introduced in evidence show that no instrument affecting the title to the land had been filed or recorded since the respective dates of the certificates to the abstracts furnished. Therefore, there was indebtedness secured by unreleased liens which exceeded the cash consideration to be paid by the sum of $14,-135.50. There is no testimony that appellee had obtained or could have obtained a release of this excess lien indebtedness, and until such liens were satisfied he would not by his warranty deed, which he says he was ready and willing to execute, have been able to convey to appellant a marketable title. 27 R. C. L. § 230, p. 506; Roos v. Thigpen (Tex. Civ. App.) 140 S. W. 1180; Owens et al. v. Jackson et ux. (Tex. Civ. App.) 35 S.W.(2d) 186; Justice v. Button et al., 38 L. R. A. (N. S.) Annotations, page 14, subdivision VI, and page 30, subdivision XV–b. The liens securing this excess indebtedness could not be satisfied out of the purchase money, and the appellant was authorized to reject the title. 66 C. J. 908 § 583, and authorities cited.

■ Appellee's motion to strike appellant's brief, because a copy thereof was not filed in the trial court, is overruled. The record discloses that on October 1, 1934, the case was set for submission on November 26th thereafter. That on October 20th appellant mailed a copy of his brief to the attorney for appellee, who on October 24th acknowledged receipt thereof and promised to forward the brief of appellee as soon as it was completed. Appellant's briefs were filed in this court on November 2d, and appellee's briefs were filed on November 19th. It is apparent, we think, under these facts that the appellee was not injured.

Since we have not considered any of the assignments in appellant's brief to which appellee excepted, it is unnecessary to pass on the exceptions.

This being the second appeal and the case appearing to have been fully developed, the judgment is reversed and here rendered, as in our opinion the appellant was entitled to a directed verdict.