## OUTHIER v. PARKER.

### No. 14892.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 12, 1947.

Rehearing Denied Jan. 9, 1948.

Truman Power and Jack Love, both of Fort Worth, for appellant.

E. L. Gilbert and Mack & Mack, all of Fort Worth, for appellee.

HALL, Justice.

Appellant, C. C. Outhier, sued appellee, T. P. Parker, in a District Court of Tarrant County, Texas, for commissions alleged to be due him for services rendered appellee in securing a written contract of sale of real property made by and between appellee and one McDaniel, wherein there was stipulated a recognition of appellant as the real estate agent who negotiated the sale contract and setting out his commission of five per cent due him on the sale price of $12,500.00.

The defendant in his first amended answer admits that he signed the contract on March 1, 1946, wherein he was to sell to Joseph R. McDaniel a certain place located in Tarrant County for the sum of $12,500.00 but he denies that McDaniel was a prospective purchaser who was then ready, able and willing to buy. Among appellee's other defenses set up in his answer was the following which he relied upon during the trial of this case, to-wit: that the contract of hire between him and appellant was oral and that appellant was not to re-

ceive any commission until the purchase price was paid and that the appellant represented to the appellee that the contract of sale, which was reduced to writing, actually contained a provision that he, appellee, was willing to pay appellant the sum of five per cent as commissions if, as and when the deal was actually closed, deed passed and the consideration paid. He also plead mutual mistake and that the failure of the appellant to insert said stipulation in the written contract was wilfully, intentionally and fraudulently done on the part of appellant; that the only portion of the contract that relates to the payment of a commission is uncertain and indefinite with respect to the time and conditions under which the appellee shall become obligated to pay and the appellant entitled to receive his commissions and for these reasons he alleges the contract was ambiguous.

The alleged purchaser did not testify.

The deal was never consummated, nor the consideration paid, because the purchaser could not perform due to his inability to raise sufficient funds; the deposit of $1,000.00 placed in escrow with the Bank was paid over to appellee. Appellee testified that appellant agreed that the $1,000.00 placed in escrow should be released to appellee.

The contract relied upon by appellant to collect his commission in the sum of $625.00 is as follows:

"That by this agreement T. P. Parker of Arlington, Texas, hereinafter called seller, and J. R. McDaniel of Lubbock, Texas, hereinafter called buyer, to-wit:

"All that certain tract and parcel of land, a part of the Larkin Barnes Survey in Tarrant County, Texas, Patent No. 484, Vol. 10 described as the T. P. Parker homestead, lying and being north of the Baird camp road, and the west boundary line being adjoining to the Baird Estate. Containing thirty acres, more or less, together with all improvements.

"The purchase price is Twelve Thousand Five Hundred Dollars, which is to .be paid as follows:

"At the signing of this agreement; the buyer shall deposit the sum of One Thousand Dollars, which will be placed in escrow in The State Bank of Arlington, to be held by said bank under the terms of this agreement. At the completion of this transaction and the passing of deed, the said bank shall turn this deposit over to seller.

"The seller shall furnish the buyer with an abstract showing good and merchantable title to said property as of this date. The buyer shall have ten days to examine title, and complete payment for said property as follows. In addition to the One Thousand Dollars paid in deposit at the signing of this agreement, the buyer shall pay the seller the sum of Five Thousand Dollars in cash and execute in favor of the seller a vendors lien note or deed of trust, in the sum of Six Thousand Five Hundred Dollars, with interest at the rate of six per cent per annum from date thereof until paid. Said note shall be paid in semi annual instalments of six hundred fifty Dollars each, plus six per cent interest.

"Seller shall deliver possession to the buyer within thirty days after date of passing of deed. The insurance and taxes shall be prorated to date of passing of deed.

"C. C. Outhier is hereby recognized as the agent who negotiated this transaction, and sale, and the seller shall pay him the regular five per cent commission on the total amount of the consideration, and the buyer shall not be held for any part of the payment of said commission.

"In Witness Whereof the parties hereto have set their hands in the execution of this agreement, this 1st day of March 1946.

"T. P. Parker      Seller
"Joseph R. McDaniel   Buyer
"C. C. Outhier ·      Agent."

There was one issue submitted to the jury, to-wit: "Do you find from a preponderance of the evidence that at the time the contract dated March 1, 1946, was executed by Parker, McDaniel and Outhier, it was understood and agreed between Outhier and Parker that Outhier was not to be entitled to his commission until the deed was delivered by Parker to McDaniel,

the balance of the consideration paid and the deal closed?"

Upon the jury's affirmative answer to special issue No. 1 supra, judgment was entered against the appellant and in favor of appellee. Appellant perfects this appeal predicated upon five points of error.

The substance of the contentions made under the first, second and fourth points of error is that the appellant established his right to the commission by virtue of the terms of a written contract, and that the only defense submitted to the jury constituted an effort on appellee's part to vary the terms of the written contract by parol evidence.

Appellant relies upon the general principle of law that when the seller enters into a binding contract with the purchaser, which is acceptable to the seller, that the seller assumes the risk as to whether or not the purchaser will be in a position to perform his part of the contract and when such contract is so entered into by the seller the agent has performed sufficient duties that will entitle him to his commission, and relies principally upon the cases of Anderson-Berney Building Co. v. Swan et al., Tex.Civ.App., 133 S.W.2d 269, and Kahlich v. Watson, Tex.Civ.App., 96 S.W. 2d 820.

Appellee testified that he turned his place over to appellant to sell about two months before the execution of said written contract; that it was their agreement that appellant was not to receive his commission until the deal was finally closed and the consideration paid. He testified that immediately before, at the time of and subsequent to the signing of the written contract in question, that both appellant and appellee understood that appellant was not to receive his commission until after he got his money from the sale of the property; that when there was a discussion about making a contract he asked appellant to allow appellee's lawyer to prepare the instrument; that appellant insisted that he could prepare the instrument properly and that he would insert in the instrument that he, appellant, was not to receive any commission until after appellee had received the purchase money; that upon those conditions he allowed the appellant to draw the instrument; that he, appellee, did not read the instrument but that appellant stated to him and the proposed purchaser that everything that they had discussed was in the instrument. That after it was apparent that the proposed purchaser could not perform his part of the contract because of insufficient funds, appellant went to appellee and suggested that appellee carry some second vendor's lien notes in order to close the deal; that he, appellee, in return told appellant that if he wanted to collect his commission that he should carry the vendor's lien notes. Upon this and other testimony the jury made its finding to the effect that it was the understanding between the parties at the time the instrument was signed that appellant was not to receive his money until the deed was delivered, the balance of the consideration paid and the deal closed.

■ The main question for us to determine upon the three enumerated points is whether the above parol evidence was admissible to vary the terms of and extend the following written agreement set out in said contract, to-wit: "C. C. Outhier is hereby recognized as the agent who negotiated this transaction, and sale, and the seller shall pay him the regular five per cent commission on the total amount of the consideration, and the buyer shall not be held for any part of the payment of said commission." We do not agree with the court's ruling of rendering judgment in favor of appellee upon the one issue submitted to the jury, supra, because it does not denote the requisite elements of fraud, accident or mistake, which are the only grounds upon which the above portion of the written instrument could be attacked by parol or extrinsic evidence because we do not find that said portion of the instrument pertaining to commission is ambiguous or incomplete. See Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515; Popplewell v. Buchanan et al., Tex.Civ.App., 204 S.W. 874; Lewis v. Mansfield Grain & Elevator Co., Tex.Civ.App., 121 S.W. 585; Parker v. Jones et al., Tex.Civ.App., 63 S.W.2d 858. While it is true, as insisted upon by appellee, that this memorandum pertaining to commission does not state when the commission was due, the law

supplants and settles that question by applying the general rule of making the broker's services complete and commission earned when his employer enters into a contract that is enforceable by specific performance, unless it is otherwise stipulated in the contract. See Moss & Raley v. Wren, 102 Tex. 567, 113 S.W. 739, 120 S. W. 847. Parol evidence was not competent to show there was a different understanding between appellant and appellee than that contained in the writing. Parol evidence was admissible to attack it upon fraud, accident or mistake, but any such issue must be treated as waived since not submitted to the jury. Texas Rules of Civil Procedure, Rule 279.

The judgment of the trial court is reversed and rendered in favor of appellant for the sum of $625.00 as against appellee.