## JULIANI v. FITZ–GIBBON.

### No. 12173.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 15, 1950.

Levey & Goldstein, San Antonio, for appellant.

Joseph J. Yrisarri, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Ralph E. Fitz-Gibbon against Adolph Juliani, doing business as Juliani's Cafe, seeking to recover the sum of $225 as a commission for securing a purchaser ready, able and willing to lease the cafe business located at 221 Fredericksburg Road in San Antonio, Texas, and known as Juliani's Cafe, said lease to constitute an option to purchase the cafe. The trial was to the court without the intervention of a jury and resulted in judg-

ment in favor of Fitz-Gibbon in the sum of $225, from which judgment Adolph Juliani has prosecuted this appeal. The trial court made the following findings of fact:

"1. That on November 24, 1949, Adolph Juliani, defendant, with full knowledge of its contents, executed and delivered to Ralph E. Fitz-Gibbon, plaintiff, the following written instrument:

"24 November 1949.
"Ralph E. Fitz-Gibbon
"227 Bedell Building
"San Antonio 5 Texas

"This is your authority to lease and assign my business located at 221 Fredericksburg Road in San Antonio—known as Juliani's Cafe—for one (1) month's operation and management under my limited power of attorney with the understanding that:

"1. Such assignment is to be made in consideration of an advance cash payment of no less than four hundred and fifty ($450) dollars; that

"2. Same is to constitute an option to purchase; that

"3. My business is to be transferred to your assignee in fee simple upon payment of a total of twenty-two hundred and fifty ($2250.00) Dollars if the residual sum is paid within six (6) months, beginning thirty (30) days from the date of said assignment, in consecutive monthly installments of no less than one-sixth (1/6) of the balance; and that

"4. You are to receive and I agree to pay a commission of ten (10%) per cent of these total sums for making such assignment if same is done within two (2) weeks from this date.

"(Signed) Adolph Juliani
"Owner
"Witness:
"R. E. Fitz-Gibbon

"2. That on or about December 2, 1949, and within the time provided in said instrument, plaintiff procured D. D. Stephens, who was ready, able and willing to comply with all the terms provided in said above written instrument; that on December 2, 1949, the said D. D. Stephens deposited with plaintiff the sum of $300.00 earnest money, and was

ready, able and willing to lease said cafe and purchase the same in accordance with the terms and conditions set forth in said written instrument of date November 24, 1949.

"3. That the transaction involved herein was a real estate transaction; that plaintiff did not have a license nor was he required to have such license under 'The Real Estate Dealers Act.' That if such license was required, by not having excepted to plaintiff's petition because of its failure to allege plaintiff had such license, and by not having objected to the testimony or the contract, defendant waived the question of plaintiff not having such license.

"4. That defendant failed and refused to lease, assign and sell said cafe business to the said D. D. Stephens, although said D. D. Stephens was ready, able and willing to lease and purchase same, and was ready, able and willing to comply with all of the terms and conditions contained and set forth in said written instrument of date November 24, 1949.

"5. That the amount owing to plaintiff by defendant is the sum of $225.00; that plaintiff made demand upon defendant for the payment of said sum; that such demand was refused by defendant."

Appellant offered evidence to show that his listing contract with Fitz-Gibbon was not to become effective unless and until it was signed by Mrs. Manuel Alfaro, and that the listing was conditionally delivered to Fitz-Gibbon and was never signed by Mrs. Alfaro and, therefore, never came into existence as a contract. The trial court excluded this testimony on the theory that it was an attempt to vary the terms of a written contract by parol evidence. The general rule, of course, is that you cannot vary the terms of a written contract by parol evidence. Texas Jurisprudence, Vol. 17, p. 794, § 354; 32 Corpus Juris Secundum, Evidence, § 935, p. 859, § 948, p. 869; Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515; Outhier v. Parker, Tex.Civ.App., 207 S.W.2d 237.

However, there is a well recognized exception to this general rule to the effect that you can always show that a written contract

was delivered with the understanding that it was not to become effective until the happening of some future event and unless and until that event happened the contract does not come into existence as such and cannot be enforced. Baker v. Baker, 143 Tex. 191, 183 S.W.2d 724; 10 Tex.Jur. p. 268, § 155; Watson v. Rice, Tex.Civ.App., 166 S.W. 106; Second Elliott on Contracts, § 1636; Farrar v. Holt, Tex.Civ.App., 178 S.W. 618. The trial court erred in excluding the testimony.

■ After the evidence was concluded and before the judge had announced his decision, appellant made a motion for judgment in his favor alleging that the evidence showed Fitz-Gibbon did not have a license as a real estate dealer and that therefore he could not maintain a suit for this real estate commission. Section 13 of Article 6573a, Vernon's Ann.Civ.Stats., provides that: "No person or company engaged in the business of acting in the capacity of a real estate dealer or real estate salesman within this State shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in Section 2, Subdivision (a) hereof, without alleging and proving that such person or company was a duly licensed real estate dealer or salesman at the time the alleged cause of action arose."

Appellee did not allege that he had a real estate dealer's license and, therefore, under the provisions of Section 13, he was not entitled to recover the real estate commission herein sued for. However, appellee contends that appellant should have excepted to his petition for failure to so allege, and that in the absence of an exception his petition was sufficient under the provisions of Rule 90, Texas Rules of Civil Procedure, and that this defect in his pleading was waived. Appellee further contends that appellant, by his failure to object to the listing contract when it was offered in evidence, further waived the defect in his pleading. We do not agree with these contentions. The trial court found that Fitz-Gibbon did not have a real estate dealer's license and

we must presume this finding is supported by the evidence in the case. The trial being before the court and the evidence showing that Fitz-Gibbon did not have a real estate dealer's license, and appellant having called these matters to the attention of the trial judge prior to the time that he rendered his judgment by a motion for judgment, such motion was timely made and appellant did not waive the above matter. Rule 90, Texas Rules of Civil Procedure, provides that every defect, omission or fault in pleadings, either of form or substance, which is not specifically pointed out by motion or excepted to in writing and brought to the attention of the judge in the trial court in a nonjury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account. Likewise, the converse of this rule is true, and here the appellant did specifically point out, by a motion in writing brought to the attention of the judge in the trial court before rendition of judgment, the defects in appellee's pleadings and, therefore, he did not waive the same. In Lobstein v. Watson, Tex.Civ.App., 186 S. W.2d 999, the court held that the failure of plaintiff to allege that he held a license as a real estate dealer and salesman was waived, but the court further pointed out that in that case the matter was not called to the court's attention in any manner prior to the rendition of judgment. See also Enfield Realty & Home Building Co. v. Hunter, Tex.Civ. App., 179 S.W.2d 810.

■ Appellee next contends that, inasmuch as the contract herein contained the provision that it was a limited power of attorney, under the provisions of subdivision (b) of Section 3, Article 6573a, Vernon's Ann.Civ.Stats., appellee was not required to have a real estate dealer's license. We overrule this contention.

Said Section 3 provides, in part, that the Act "shall not apply to, and the terms 'Real Estate Dealer' and 'Real Estate Salesmen,' as above defined, shall not include: * * *

"(b). Persons acting as an attorney in fact under a duly executed power of attorney from the owner authorizing the final

consummation by performance of any contract for the sale, leasing, or exchange of real estate; * * *."

The listing contract herein did not provide for final consummation of this contract for the leasing and transfer of the cafe and therefore is not covered by the above provision of said Section 3.

 This was a simple suit by appellee for a real estate commission, and in view of the fact that he did not have a real estate dealer's or real estate salesman's license he could not maintain the suit.

Accordingly, the judgment is reversed and judgment here rendered that appellee take nothing.